UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES ALLEN, HOWARD RIEGLER, VICTOR
SOWINSKI, JR., MICHAEL BRINKLEY, NEIL
VELASCO, CATHY JONES, PATRICK MADDEN, JR.,
MICHAEL GIBALDI, PAUL WALTERS, JAMES PRINCE,
CRAIG STEWART, PEDRO VERA, JR., NICOLE SALERNO,
BESNIK GJONLEKAJ, THOMAS CINQUE, CHRIS
FOTOPOULOS, JOSEPH LUCKMAN, ROBERT BRANCATO,
MICHAEL CAPOZIELLO, FRANK PASSANISI, III,
JOSEPH W. BALLETTA, BRIAN TOMEO, GREGG           Jury trial demanded
SPAULDING, BRYAN C. VOGELEY, RALPH MERZ,         on all Issues
TIMOTHY MARSHALL, ESTATE OF MICHAEL JAMES,

**COMPLAINT**

Plaintiffs,                                      Index No.:  -CV-

COUNTY OF NASSAU,

Defendant.
------------------------------------------------------------------X

## NATURE OF ACTION

1. This is a lawsuit brought by Plaintiffs who have, and who currently work for the Defendant, County of Nassau, who are classified as non-exempt employees from the overtime requirements of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.*, who are not paid an overtime premium for all hours worked in excess of forty (40) per week.

2. Plaintiffs allege that Defendant violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay Plaintiffs overtime premium pay for all hours worked in excess of forty (40) per week, by failing to pay Plaintiffs their correct overtime premium pay for all hours worked in excess of forty (40) per week, by failing to pay Plaintiffs an overtime premium for certain hours worked in excess of forty (40) per week , and that Defendant acted in a manner that was willful and without good faith.

3. Plaintiffs also allege that Defendant violated the requirements of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), by paying the predominantly male plaintiffs less than it paid the predominantly female Police Communications Operators (PCO) who performed equal work when Defendant provides PCOs with four 30 minute breaks and a one hour lunch break per 12 hour shift while providing Plaintiffs with no breaks in their 12 hour shift.

4. This results in the Plaintiffs receiving a lower rate of pay for hours worked than PCOs.

5. Plaintiffs allege that Defendant violated the terms of the settlement order in <u>Ebbert v. County of Nassau</u> case CV-05-5445 in that in <u>Ebbert</u>, the County agreed to equalize the pay and terms and conditions of employment for PCOs/PCOSs and Fire Communication Technicians I and Fire Communication Technician II (FCT I and II).

6. By refusing to provide the FCTs with the same breaks as PCOs, <u>Ebbert</u>'s settlement order is being violated.

7. Plaintiffs also allege that Defendant has failed to comply with the "Final Order and Judgment Granting Plaintiff's Motion for Certification of Settlement Class, Final Approval of a Class Action Settlement, and an Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards" in the <u>Ebbert</u> matter (hereinafter "Ebbert Order"). Specifically, Defendant has not used best efforts to maintain equality between PCOs and Police Communication Operator Supervisors ("PCOSs") and FCT Is and IIs.

8. FCOM is an agency within the County to which the Plaintiff FCT Is and FCT IIs are assigned and employed.

9. The FCT Is and FCT IIs are located within the same facility as the PCOs and PCOSs, and perform virtually identical duties as the PCOs and PCOSs.

10. There are approximately 27 FCT Is and FCT IIs.  All but two of the FCT Is and FCT IIs are male.  No woman had previously ever been employed as an FCT or FCTS.

11. PCOs, FCT Is and their supervisors work in the same job location under substantially similar conditions and perform jobs substantially similar in terms of skill, effort and responsibility.  Some examples are:

    a. PCOs, PCOSs, FCT Is and FCT IIs work twelve-hour shifts.

    b. PCOs and FCT Is use a Computer Aided Dispatch ("CAD") system to process incoming calls.

    c. In addition to the CAD systems, both PCOs and FCT Is also use a radio/telephone dispatch system.  PCOs use the radio/telephone dispatch system in accordance with the regulations established by the FCC and procedures established by the Nassau County Police Department.  FCT Is use a radio/telephone dispatch system in accordance with the regulations established by the FCC and procedures established by the Fire Marshal.

    d. Both PCOs and FCTs handle calls in substantially the same way.  Both PCOs and FCT Is receive calls from people requesting help on various topics.  Both PCOs and FCT Is ask the same questions, such as questions regarding the nature and location of the emergency.  Both must use independent judgment to decide on the type and priority of the call they are receiving.  Both must decide what equipment is needed to deal with the specific emergency and both dispatch the equipment.

    e. Both PCOs and FCT Is may be called upon to dispatch ambulances.

    f. PCOSs and FCT IIs perform supervisory jobs requiring equivalent skill effort and responsibility.

    g. Many of the calls handled by PCOs and FCT Is are shared between the two.

    h. PCOs, FCT Is, PCOSs and FCT IIs all answer emergency calls, take down information regarding the nature of the emergency, enter the information into requisite computer systems and dispatch emergency personnel.

12. On information and belief, the pay scales for PCOs, FCT Is, PCOSs and FCT IIs are determined by Nassau County's civil service commission grade ranking system.

13. In or about November 18, 2005, Helen Ebbert and other PCOs and PCOSs commenced a federal and state EPA complaint against the County of Nassau claiming that the male FCT Is and FCT IIs were being compensated at a higher rate for performing substantially the same duties as the female PCOs and PCOSs Ebbert et al v. Nassau County et al, CV-05-5445 (Block, J., Tomlinson, MJ,).

14. During the course of the Ebbert litigation, Nassau County moved for summary judgment claiming that the PCOs, PCOSs and FCT Is and FCT IIs did not perform substantially the same duties.

15. In opposition to the County motion for summary judgment, the Ebbert plaintiffs submitted the expert report of Dr. Kathleen K. Lundquist who had analyzed the duties of FCT Is, FCT IIs and PCOs and PCOSs and determined, in her expert opinion, that "As a result of my investigation and review of the data, it is my professional opinion that the positions of PCO and FCT in Nassau County are substantially equal as defined by the criteria outlined in the EPA. More specifically, these jobs require similar skill and effort levels, have the same level of responsibility, and are performed under similar working conditions." (Lundquist expert opinion annexed hereto as Ex. A).

16. Judge Block, in denying the County's motion for summary judgment, held, in relevant part: "The Court must, therefore, reach the crux of the parties' dispute – whether PCOs/PCOSs

and FCTs/FCTSs perform substantially equal work. Plaintiffs have offered ample evidence that PCOs and PCOSs perform essentially the same functions and tasks as FCTs and FCTSs. Both answer emergency calls, take information regarding the nature of the emergency and enter the information into a computer system, which identifies the appropriate response protocol.  Both then dispatch emergency personnel, if appropriate." (Memorandum and Order March 31, 2009, page 8, copy annexed hereto as Exhibit B).

17. The issue of the comparability of PCOs, PCOSs, FCT Is and FCT IIs has been determined in favor of the Plaintiffs.

18. The FCT Is and FCT IIs are required to work a schedule that consists of three, twelve hours days per week for a total of 36 hours per week..

19. Because of the rotating nature of 3 days on and 3 days off in a seven day work week, there comes a time (approximately every six weeks) when the FCT Is and IIs work a fourth 12 hour tour in a seven day period but do not get compensated for that fourth 12 hour shift.

## JURISDICTION AND VENUE

20. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Questions).

21. Venue is appropriate under 28 U.S.C. § 1392(b)(2) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendant regularly conducts business in this district and are subject to personal jurisdiction in this district.

## PARTIES

22. Plaintiff, James Allen, is a resident of Nassau County and has been employed as a Fire Communications Technician I since 6/15/2001.

23. Plaintiff, Howard Riegler is a resident of Nassau County and has been employed as a Fire Communications Technician I since 6/23/1995

24. Plaintiff, Victor Sowinski Jr. is a resident of Nassau County and has been employed as a Fire Communications Technician I since 8/25/2000.

25. Plaintiff, Michael Brinkley is a resident of Nassau County and has been employed as a Fire Communications Technician I since 12/5/2008.

26. Plaintiff, Neil Velasco is a resident of Nassau County and has been employed as a Fire Communications Technician I since 12/18/2009.

27. Plaintiff, Cathy A Jones is a resident of Nassau County and has been employed as a Fire Communications Technician I since 12/18/2009.

28. Plaintiff, Patrick Madden Jr. is a resident of Nassau County and has been employed as a Fire Communications Technician I since 10/22/2010.

29. Plaintiff, Michael Gibaldi is a resident of Nassau County and has been employed as a Fire Communications Technician I since 10/22/2010.

30. Plaintiff, Paul Walters is a resident of Nassau County and has been employed as a Fire Communications Technician I since 12/31/2010.

31. Plaintiff, James Prince is a resident of Nassau County and has been employed as a Fire Communications Technician I since 12/31/2010.

32. Plaintiff, Craig Stewart is a resident of Nassau County and has been employed as a Fire Communications Technician I since 9/9/2011.

33. Plaintiff, Pedro Vera Jr. is a resident of Nassau County and has been employed as a Fire Communications Technician I since 7/13/2012.

34. Plaintiff, Nicole Salerno is a resident of Nassau County and has been employed as a Fire Communications Technician I since 6/27/2014.

35. Plaintiff, Besnik Gjonlekaj is a resident of Nassau County and has been employed as a Fire Communications Technician I since 6/27/2014.

36. Plaintiff, Thomas Cinque is a resident of Nassau County and has been employed as a Fire Communications Technician I since 5/15/2015.

37. Plaintiff, Chris Fotopoulos is a resident of Nassau County and has been employed as a Fire Communications Technician I since 5/15/2015.

38. Plaintiff, Joseph Luckman is a resident of Nassau County and has been employed as a Fire Communications Technician I since 8/7/2015.

39. Plaintiff, Robert Brancato is a resident of Nassau County and has been employed as a Fire Communications Technician I since 4/1/2016.

40. Plaintiff, Michael Capoziello is a resident of Nassau County and has been employed as a Fire Communications Technician I since 2/16/96 and promoted to Fire Communication Technician II on 10/7/09.

41. Plaintiff, Frank Passanisi, III is a resident of Nassau County and has been employed as a Fire Communications Technician I since 3/19/2004 and promoted to Fire Communication Technician II on 10/7/09.

42. Plaintiff, Joseph W. Balletta is a resident of Nassau County and has been employed as a Fire Communications Technician I since 12/9/96 and promoted to Fire Communication Technician II on 6/2012.

43. Plaintiff, Brian Tomeo is a resident of Nassau County and has been employed as a Fire Communications Technician I since 3/19/2004 and promoted to Fire Communication Technician II on 6/2012.

44. Plaintiff, Gregg Spaulding is a resident of Nassau County and has been employed as a Fire Communications Technician I since 8/25/00 and promoted to Fire Communication Technician II on 1/2021.

45. Plaintiff, Bryan C. Vogeley is a resident of Suffolk County and has been employed as a Fire Communications Technician I since 6/27/14 and promoted to Fire Communication Technician II on 1/2021.

46. Plaintiff, Ralph Merz is a resident of Colorado and has been employed as a Fire Communications Technician I since 4/6/90 and retired on 5/22/20.

47. Plaintiff, Timothy Marshall is a resident of Greene County and has been employed as a Fire Communications Technician I since 11/19/93 and promoted to Fire Communication Technician II on 10/8/10. He is now retired.

48. Plaintiff, Estate of Michael James C/O Ms. Brenda James, Executrix, was a resident of Nassau County and had been employed as a Fire Communications Technician I from 9/23/11 until his death on 12/15/20.

49. Defendant, County of Nassau, is a municipal corporation duly incorporated under the laws of the State of New York.

**FACTS**

50. Plaintiffs work for defendant, Nassau County, specifically for the Nassau County Fire Commission, Office of Fire Marshal, Fire Communications Bureau ("FIRECOM"), as FCT Is and FCT IIs. Their duties include receiving telephone calls placed on the Nassau county 911 emergency system, deciding on the appropriate response to each call, and dispatching appropriate aid.

51. In 2001, the County and the union for the FCT I/FCT IIs, the Civil Service Employees Association, Local 830 ("CSEA"), entered into an Agreement setting forth the schedule for all FCT Is/FCT IIs.

52. The schedule set out in the 2001 Agreement consists of the employees working a 3-day workweek and shall work 12 hours per day.

53. The schedule calls for working three (3) days on and three (3) days off.

54. This results in the employees working 4 twelve hour shifts every six weeks while only being compensated for three days.

55. The Plaintiffs do not receive any breaks or lunch break during each of their 12 hour tours.

56. During their employment, Plaintiffs regularly worked 48-hour work weeks every sixth week.

57. Plaintiffs were not paid overtime compensation when they worked more than 40 hours during the sixth week as a result of the schedule.

58. The Plaintiffs must work 48 hours (four 12 hour tours) in that week with no additional compensation for that fourth 12 hour tour.

59. Plaintiffs were never paid one and a half times their regular rate of pay when they worked more than 40 hours during the sixth week as a result of the extra shift worked.

60. Moreover, when Plaintiffs work over forty (40) hours per week they are compensated at the incorrect overtime rate.

61. FCT Is and FCT IIs are paid on a bi-weekly basis. The paychecks of FCT Is and FCT IIs hired after January 1, 2011 reflect that they work eighty (80) hours during this two-week period when in reality they are only working seventy two (72) paid hours.

62. As a result, when the FCT Is and FCT IIs overtime rates are being calculated their salary is being divided by the incorrect number of hours, resulting in a lower hourly rate.

63. The result is an underpayment of overtime compensation.

64. Defendant was and continues to be aware of the fact that Plaintiffs work 48-hour work weeks as the 2001 Agreement was brought to the attention of the County during the course of the Chodkowski et al v. County of Nassau 16-cv-5770 litigation.

65. An overwhelming majority of FCT Is and FCT IIs are male.

66. The PCOs and PCOSs receive four 30 minute paid breaks and a one hour lunch every 12 hour tour.

67. FCT Is and IIs receive no breaks and no lunch.

## COUNT I
## FLSA Overtime Claim

68. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 67 above.

69. At all times relevant to this Complaint, the Defendant has been and continues to be an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

70. At all times relevant to this Complaint, the Defendant has "employed" Plaintiffs suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

71. Defendant's failures to pay overtime wages to Plaintiffs for such work violates the FLSA (29 U.S.C. §207).

72. Defendant's repeated and intentional failures to provide required compensation for all hours worked by Plaintiffs were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

73. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

74. Defendant's failures to pay the correct overtime premium to Plaintiffs for such work violates the FLSA (29 U.S.C. § 207).

75. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

76. As a result of Defendant's violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and cost of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Violation of the Equal Pay Act

77. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 76 above.

78. At all times relevant to this Complaint, Defendant knowingly paid the predominantly male Plaintiffs less than it paid the predominantly female PCOs and PCOSs who performed equal work, in violation of the Equal Pay Act (29 U.S.C. § 206(d)(1)) by not providing the FCT Is and IIs the four 30 minute breaks and one hour lunch that PCOs and PCOSs receive.

79. The Defendant's failure to pay the predominantly male Plaintiffs the same rate of pay that it paid the predominantly female PCOs and PCOSs who performed equal work by not providing Plaintiffs with the same break and lunch schedule was willful within the meaning of the Equal Pay Act.

80. The net effect of equalizing male FCTIs/FCT IIs with PCO/PCOSs will result in female FCT Is/FCT IIs being paid less than their male co-workers as was the result of the original Ebbert case. Therefore, the only remedy is to equalize the female FCTs/FCTSs at this time also, for the sake of efficiency and immediacy.  Otherwise, the female Plaintiffs would have to resort to commencing yet another suit, as was done in the Volpe case, after the Ebbert case was resolved as they will now be receiving a lower salary than their male counterparts if they are not provided with the same break and lunch schedule.

81. As a result of Defendant's 'violation of the EPA and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial along with liquidated damages, attorneys' fees and cost of litigation

## COUNT III
## Breach of Order

82. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 81 above.

83. At all times relevant to this Complaint, Defendant knowingly violated the Ebbert Order by mandating that FCTs/FCTSs work their 12 hour tours with no breaks while PCOs/PCOSs receive four 30 minute breaks and one 1 hour lunch break each 12 hour tour they work.

84. As a result of Defendant's noncompliance with the Ebbert Order, Plaintiffs have incurred harm and loss in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(a) Find that Defendant failed to pay Plaintiffs overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*;

(b) Find that Defendant failed to pay Plaintiffs at the correct overtime rate in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*;

(c) Find that Defendant discriminated against Plaintiffs in violation of the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.* by failing to provide the FCT Is and IIs the same break and lunch schedule as the PCOs and PCOSs;

(d) Enter a permanent injunction enjoining Defendant from violating the FLSA, EPA, and Ebbert Order by ordering the Plaintiffs receive four 30 minute breaks and one 1 hour lunch break per 12 hour shift;

(e) Exercise jurisdiction to equalize male FCT Is/FCT IIs with female PCOs/PCOSs and subsequently equalize female FCT Is/FCT IIs with the male FCTs/FCTSs;

(f) Award Plaintiffs the overtime monies owed to them with all other benefits to which Plaintiffs are entitled, with prejudgment interest;

(g) Award Plaintiffs liquidated damages due to Defendant's willful and intentional conduct directed at Plaintiffs in violation of rights protected by Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*;

(h) Award Plaintiffs liquidated damages due to Defendant's willful and intentional conduct directed at Plaintiffs in violation of rights protected by the EPA;

(i) Award a tax bump up on any award to offset the tax consequences of a lump-sum payment, calculated annually, in order to make each Plaintiff whole again. *See* Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New York, 2016 WL 4129111, at *3 (S.D.N.Y. Aug. 3, 2016);

(j) Award Plaintiffs reasonable attorney's fees, expenses and cost of this proceeding; and

(k) Such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
       March 21, 2022

__s/*Louis D. Stober, Jr.*__
Law Offices of
Louis D. Stober, Jr., LLC
Attorneys for Plaintiffs
98 Front Street
Mineola, New York 11501
(516) 742-6546
