UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAMES ALLEN, HOWARD RIEGLER, VICTOR SOWINSKI, JR., MICHAEL BRINKLEY, NEIL VELASCO, CATHY JONES, PATRICK MADDEN, JR., MICHAEL GIBALDI, PAUL WALTERS, JAMES PRINCE, CRAIG STEWART, PEDRO VERA, JR., NICOLE SALERNO, BESNIK GJONLEKAJ, THOMAS CINQUE, CHRIS FOTOPOULOS, JOSEPH LUCKMAN, ROBERT BRANCATO, MICHAEL CAPOZIELLO, FRANK PASSANISI, III, JOSEPH W. BALLETTA, BRIAN TOMEO, GREGG SPAULDING, BRYAN C. VOGELEY, RALPH MERZ, TIMOTHY MARSHALL, ESTATE OF MICHAEL JAMES,

Index No.: 22-cv-1572(HG)(JMW)

                        Plaintiffs,

                -against-

COUNTY OF NASSAU,

                        Defendant.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION TO DISMISS
AND
DEFENDANT'S MOTION TO DISQUALIFY**

Deanna D. Panico
Bee Ready Fishbein Hatter & Donovan, LLP
*Attorneys for Defendant*
170 Old Country Road
Mineola, New York 11501
Telephone No.: (516) 746-5599
Fax No.: (516) 746-1045

# **TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................1

    I. Dismissal is Warranted as to Plaintiffs' "Breach of Order" Claim .......................1

    A. Plaintiffs Fail to State a Cause of Action With Respect to their Breach of Order Claim ...............................................................................................................................1

    B. Plaintiffs Lack Standing to Assert a Claim for Breach of the Ebbert Order .......4

    II. The Claim Under Nassau Cty. Government Law §1307 Fails As A Matter Of Law ...............................................................................................................................5

        A.  Plaintiffs Failed to Comply With Statutory Notice of Claim Requirements ..........................................................................................5

        B.  Plaintiffs' Disparate Pay Claims Are Barred By the doctrines of Res Judicata and Collateral Estoppel ...............................................................6

    II. III.Disqualification of Plaintiffs' Counsel is Necessary Due to Conflict Between Clients ........................................................................................................................8

CONCLUSION............................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Page**

Abramowitz v. Guido, 61 A.D.2d 1045, 403 N.Y.S.2d 120 (1978)………………………………6

*AFSCME v. County of Nassau*, 799 F. Supp. 1370, 1408 (E.D.N.Y. 1992)………………………7

Anderson v. Nassau Cnty. Dep't of Corr., 558 F. Supp. 2d 283, 303 (E.D.N.Y. 2008)…….…..6

*Boyle v. Kelley*, 42 N.Y.2d 88, 91, 365 N.E.2d 866, 868 (1977)…………………………………6

*Calvert v. Westchester Cnty. Pers. Off.*, 128 A.D.2d 523, 512 N.Y.S.2d 456 (1987)……………6

*Ganci v. Tuthill*, 216 A.D.2d 390, 390, 628 N.Y.S.2d 343, 343 (1995)…………………………6

*Jordan v. Daly*, 302 AD2D 862 (4th Dept. 2003)………………………………………………6

*Mut. Fire, Marine v. Fred S. James,* 92 A.D.2d 203, 207 (1983)………………………………7

*Old Crompond Rd., LLC v. Cnty. of Westchester, 201 A.D.3d 806, 808 (2022)* ........................... 4

**ARGUMENT**

I. **Dismissal is Warranted as to Plaintiffs' "Breach of Order" Claim**

    A. Plaintiffs Fail to State a Cause of Action With Respect to their Breach of Order Claim

Plaintiffs allege in the Amended Complaint that Defendant violated the *Ebbert* Order by mandating that FCTs work twelve hour tours with no breaks while PCOs receive four thirty-minute breaks and one one-hour lunch break each twelve hour tour. Defendant argued in their original moving papers that Plaintiffs failed to state of cause of action for breach of the *Ebbert* settlement agreement because there is no mention of breaks whatsoever within the *Ebbert* settlement agreement. Plaintiffs do not dispute this fact. Instead, Plaintiff's counsel explicitly states that Plaintiffs are not pursuing a breach of contract claim and that Plaintiffs are not alleging a breach of the *Ebbert* settlement agreement. Rather, Plaintiffs state that they are asserting a cause of action for an alleged violation of Magistrate Judge Tomlinson's Order.

To the extent that Plaintiffs are pursing a cause of action for an alleged violation of an Order certifying a class action settlement, Plaintiffs' Third Cause of Action ("Breach of Order") is even weaker than originally anticipated. Stated succinctly, Magistrate Judge Tomlinson never ordered Nassau County to maintain equality between PCOs and FCTs. Plaintiffs grossly misconstrue Magistrate Judge Tomlinson's certification of the *Ebbert* class action settlement.

In *Ebbert*, the Court granted the plaintiffs' motion to proceed as a class action with respect to the claims asserted under the New York State Equal Pay Act and 42 U.S.C. § 1983. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the class action settlement required judicial approval. In a 36-page decision, Magistrate Judge Tomlinson provided factual background and procedural background regarding the *Ebbert* case. *See*, **Exhibit A**. Before entering into her Discussion section regarding the merits of the motion, Magistrate Judge

Tomlinson summarized the terms of the settlement:

> *Under the Settlement, the parties have agreed* that Nassau County will pay a gross Settlement amount of seven million ($7,000,000) dollars, exclusive of attorneys' fees. The fund is to be distributed as follows:
>
>> A. Each class member will be made whole by receiving a back pay settlement calculated by an expert, representing the difference between what she would have earned has (sic) she been paid the same as the similarly situated FCT/FCTS, and what she earned as a PCO/PCOS for the period running from November 18, 1999 through June 30, 2011, or her termination, whichever occurred first. Goodman Aff. II, Ex. A, ¶ 3.1(A).
>>
>> B. Each named Plaintiff will receive a Service Award of $20,000 for initiating and prosecuting this litigation. *Id.*, Ex. A, ¶ 3.1(B)(b); Hr'g Tr. At 5.
>>
>> C. The sum of $50,000 shall be set aside for payment of the Settlement Claims Administrator….
>>
>> D. Any sums remaining from Items B and C above as well as any uncashed Settlement Check shall be divided equally as *cy pres* awards to the two designated Charities set forth in the Settlement Agreement. Goodman Aff. II, Ex. A, ¶ 3.1(B)(e); Hr'g Tr. At 5-6.
>
> *The Settlement also provides that* any PCO or PCOS not presently in her proper Grade 10 step, based on years of service, shall be upgraded immediately. Nassau County also commits to use its best efforts to maintain equality between the PCO/PCOS and the FCT/FCTS in the future. Goodman Aff. II, Ex. A, ¶ 3.4(a) and (b). *Likewise, the agreement provides that* the Settlement Funds shall be distributed within thirty (30) days after entry of the Court's Order of Final Approval. *Id.* ¶ 3.1(B); Hr'g Tr. At 18. *The parties further agreed that* the Court will retain jurisdiction over the parties and this action for two years from the effective date of the Agreement for the purpose of entering any order or judgment that may be necessary to implement and enforce the relief provided. Ex. A, ¶ 6; Hr'g Tr. At 17-18.

**Exhibit A**, p. 11-12 (emphasis added). Magistrate Judge Tomlinson was simply summarizing the

terms of the settlement agreement in connection with the background of the case.

Indeed, regarding the one sentence upon which the Plaintiffs base this claim ("Nassau County also commits to use its best efforts to maintain equality between the PCO/PCOS and the FCT/FCTS in the future. Goodman Aff. II, Ex. A, ¶ 3.4(a) and (b)."), Magistrate Judge Tomlinson relied upon and cited Ex. A, ¶ 3.4(a) and (b) of the Goodman Affidavit, which was a copy of the settlement agreement itself. *See*, **Exhibit B**. In other words, Magistrate Judge Tomlinson was only citing ¶ 3.4 (a) and (b) of the Settlement Agreement, which state:

> 3.4   Future Actions
>
> (a) Upon the Court's Final Approval of the Settlement Agreement, any PCO or PCOS not presently in her proper step in grade 10 step, based on years of service, shall be immediately upgraded.
>
> (b) Nassau County shall use its best efforts in the future to maintain the *equality of grade level* for the PCOs and FCTs, and the PCOSs and FCTSs respectively.

*See*, **Exhibit B**. (emphasis added). Thus, in stating that "Nassau County also commits to use its best efforts to maintain equality between the PCO/PCOS and the FCT/FCTS in the future," Magistrate Judge Tomlinson was not directing or ordering Nassau County to maintain equality between PCOs and FCTs but rather summarizing Nassau County's commitment to maintain equality of grade level for those titles. Tellingly, within the Conclusion section of Magistrate Judge Tomlinson's Order, Magistrate Tomlinson stated as follows:

> For all of the reasons set forth in this Final Order and Judgment ("Final Order"), the Court herby grants Final Approval of the Amended Stipulation of Settlement and Release ("Settlement Agreement") (sic) and directs the following:
>
> 1. Within thirty (30) days of this Final Order, Defendants shall make back pay payments to each class member in the amount calculated by the Court-appointed expert.
>
> 2. Within thirty (30) days of the entry of this Final Order,

> Defendants shall pay to each individually named plaintiff twenty thousand ($20,000) dollars.
>
> 3. Within thirty (30) days of the entry of this Final Order, Defendants shall set aside fifty thousand ($50,000) dollars to cover the costs of administration of the Settlement Agreement.
>
> 4. Within thirty (30) days of the entry of this Final Order, Defendants shall pay class counsel fees as follows: to Eisenberg & Schnell LLP, $335,000; to the Law Offices of Janice Goodman, $415,000.
>
> 5. Within thirty (30) days of the entry of this Final Order, Defendants shall reimburse Class Counsel costs as follows: to Eisenberg & Schnell LLP, $2,170.66; to the Law Offices of Janice Goodman, $130,080.98.
>
> 6. All claims asserted in the litigation and the claims of all class members who did not opt out are hereby dismissed.
>
> 7. This Court shall retain jurisdiction for two (2) years from the date of entry of this Final Order to preside over implementation of any settlement provisions.
>
> **So Ordered.**

*See*, **Exhibit A**, p. 35-36. Thus, Magistrate Judge Tomlinson plainly did not order or direct Nassau County to maintain equality between the PCOs and FCTs. Accordingly, Plaintiffs' Third Cause of Action warrants dismissal for failure to state a cause of action.

B. <u>Plaintiffs Lack Standing to Assert a Claim for Breach of the *Ebbert* Order</u>

It is clear that Plaintiffs do not have standing to allege either a breach of the *Ebbert* Order or the *Ebbert* settlement agreement. With respect to the *Ebbert* Order, the Plaintiffs lack standing to enforce the *Ebbert* Order as none of the Plaintiffs were a party to the *Ebbert* litigation. Plaintiffs lack standing to allege a violation of the *Ebbert* settlement agreement because Plaintiffs were not an intended third-party beneficiary of the *Ebbert* settlement agreement.

Plaintiffs cite *Old Crompond Rd., LLC v. Cnty. of Westchester*, 201 A.D.3d 806, 808

(2022), which lists the elements to assert rights as a third-party beneficiary:

> A party asserting rights as a third-party beneficiary must establish '(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost.'

*Id.* "[A]n intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts." *Id.* "Courts generally have recognized 'a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was 'an intent to permit enforcement by the third party.'" *Id.* Here, the Amended Complaint fails to allege that the *Ebbert* settlement agreement was intended to benefit the Plaintiffs. Likewise, the Amended Complaint fails to allege that the contracting parties (that being the PCOs and Nassau County) assumed a duty to compensate the FCTs if the FCTs lost the benefits of the settlement agreement.[1]

Therefore, Plaintiffs' Third Cause of Action warrants dismissal due to lack of standing.

## II. The Claim Under Nassau Cty. Government Law §1307 Fails As A Matter Of Law

### A. Plaintiffs Failed to Comply With Statutory Notice of Claim Requirements

Plaintiffs incorrectly assert that a Notice of Claim was not required as to Plaintiffs' cause of action brought under Nassau County Government Law § 1307 because New York County Law § 52 only applies to tort claims. Likewise, Plaintiffs argue that a Notice of Claim was not

---

[1] As set forth in further detail below, this is precisely the type of conflict that warrants the disqualification of Plaintiffs' Counsel. For the FCTs to pursue a breach of contract claim in this Action as an intended third-party beneficiary of the *Ebbert* settlement agreement, the FCTs must allege that the PCOs and PCOSs assumed the duty within the *Ebbert* Settlement Agreement to compensate the FCTs and FCTSs in the event that the FCTs and FCTSs lost the benefit of the *Ebbert* Settlement Agreement. This is directly at odds with Counsel's representation of the PCOs as the PCOs could potentially be liable to the FCTs if the FCTs were to prevail on this claim.

required because Plaintiffs are seeking injunctive relief. These arguments have repeatedly been rejected by the Courts. It is well established that "N.Y. County Law § 52(1) has broader application than General Municipal Law § 50–e and requires a notice of claim for claims 'against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature ... and any other claim for damages arising at law or in equity.'" *Anderson v. Nassau Cnty. Dep't of Corr.*, 558 F. Supp. 2d 283, 303 (E.D.N.Y. 2008).

Likewise, Plaintiffs nonsensically argue that Plaintiffs could have brought their Section 1307 claim in New York State Court as an Article 78. Plaintiffs provide no support for their argument that a cause of action *requiring* service of a notice of claim should be exempt from those requirements if the claim could also be brought as an Article 78 proceeding. Moreover, a Notice of Claim *is* required, pursuant to County Law § 52, as to Article 78 proceedings brought against a county. *Abramowitz v. Guido*, 61 A.D.2d 1045, 403 N.Y.S.2d 120 (1978) (holding, "Article 78 proceeding could not be used to evade requirement of timely filing of notice claim."); *Calvert v. Westchester Cnty. Pers. Off.*, 128 A.D.2d 523, 512 N.Y.S.2d 456 (1987) (finding that the failure to file the required notice of claim barred an Article 78 proceeding challenging reassignment of lieutenant employed by county department of public safety); *Ganci v. Tuthill*, 216 A.D.2d 390, 390, 628 N.Y.S.2d 343, 343 (1995); *Boyle v. Kelley*, 42 N.Y.2d 88, 91, 365 N.E.2d 866, 868 (1977). The sole case cited by Plaintiffs, *Jordan v. Daly*, 302 AD2D 862 (4th Dept. 2003), is entirely distinguishable inasmuch as the Court therein relied upon the procedure and applicability of Civil Service Law § 76(1), which is not applicable in the instant action.

   B. <u>Plaintiffs' Disparate Pay Claims Are Barred By the doctrines of Res Judicata and Collateral Estoppel</u>

Plaintiffs have misrepresented Judge Block's Order denying the County's summary judgment motion in *Ebbert*. First, Plaintiffs erroneously argue that Judge Block's decision in

*Ebbert* "superseded" the decision in *AFSCME v. County of Nassau*, 799 F. Supp. 1370, 1408 (E.D.N.Y. 1992). In *Ebbert*, Judge Block stated as follows:

> The County next argues that a prior decision of this Court forecloses, as a matter of stare decisis, plaintiffs' claim that PCOs perform substantially equal work as FCTs. In *AFSCME v. County of Nassau*, 799 F.Supp. 1370 (E.D.N.Y.1992), Judge Glasser concluded that "the differences in responsibilities and in independent judgment required for these two positions—as well as the differences in training and in experience—establish that the job titles of police communications operator and of fire communications technician are not substantially similar." *Id.* at 1408. Importantly, however, Judge Glasser's determination was a finding of fact made after a bench trial. *See id.* at 1373. "The doctrine of stare decisis does not apply to the determination of the facts of a case." 18 James Wm. Moore et al., Moore's Federal Practice ¶ 134.05[3] (3d ed.1999).

*Ebbert v. Nassau Cnty.*, 2009 WL 935812, at *3 (E.D.N.Y. Mar. 31, 2009).

Thus, Judge Block did not apply the doctrine of stare decisis to Judge Glasser's findings in *AFSCME* because he found that the doctrine of stare decisis did not apply to the determination of the facts of the case. This is not true, however, with respect to the doctrines of res judicata and collateral estoppel, which plainly *do* apply to a determination of facts.

> Collateral estoppel, together with its related principles, merger and bar, is but a component of the broader doctrine of res judicata which holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action. This principle, so necessary to conserve judicial resources by discouraging redundant litigation, is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again. Collateral estoppel is a corollary to the doctrine of res judicata; it permits in certain situations the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided.

*Mut. Fire, Marine v. Fred S. James,* 92 A.D.2d 203, 207 (1983)(internal citations omitted).

In *Ebbert*, Judge Block did not make any ruling as to the applicability of the doctrines of res judicata and collateral estoppel to the findings in *AFSCME* and, therefore, those arguments are entirely ripe for review.

Contrary to Plaintiffs' repeated contention, Judge Block never ruled or determined that PCOs perform equal work as FCTs. Rather, Judge Block denied summary judgment and held that the issue had to be decided by a jury: "These differences may certainly be presented to a jury as grounds for a finding that PCOs/PCOSs and FCTs/FCTSs do not perform substantially equal work. They are not determinative, however, because there is evidence in the record that tends to counterbalance them." *See*, *Ebbert v. Nassau Cnty.*, 2009 WL 935812, at *4 (E.D.N.Y. Mar. 31, 2009). "The Court is well aware that in some cases 'two positions may be so different ... that no reasonable juror could conclude that they are 'substantially equal.''" Based on the record in this case, however, the Court cannot say that the differences are sufficiently great to decide the issue as a matter of law." *Ebbert v. Nassau Cnty.*, 2009 WL 935812, at *5 (E.D.N.Y. Mar. 31, 2009).

Simply put, Judge Block never found that there was "overwhelming evidence to show substantially similar work," and Judge Block certainly never ruled, as a matter of law, that PCOs and FCTs perform substantially similar work. To the contrary, Judge Glasser was the only judge to decide that issue in *AFSCME v. County of Nassau*, 799 F. Supp. 1370, 1408 (E.D.N.Y. 1992). Judge Glasser ruled in favor of Nassau County, finding that PCOs and FCTs are not substantially similar. Dismissal of Plaintiffs' Second, Third, and Fourth causes of action are warranted on the same grounds through the doctrines of res judicata and collateral estoppel.

### III.     Disqualification of Plaintiffs' Counsel is Necessary Due to Conflict Between Clients

Plaintiffs' Counsel claims that the PCOs and the FCTs do not have a single "differing interest." This is implausible. Here, the substantive law permits recovery by only one or the other set of litigants: it is not possible that the "female PCOs" are paid less than the "male FCTs" ***and***

the "male FCTs" are paid less that the "female PCOs." It is a logical impossibility. At some point, Plaintiffs' Counsel will be forced to argue against one or both sets of clients.

Plaintiffs allege that they, as "predominantly male" FCTs, are paid less than the "predominantly female" PCOs because the FCTs allegedly do not receive the four thirty-minute breaks and one-hour lunch received by the PCOs. On the other hand, the PCOs are actively alleging that they, as "predominantly female" PCOs, are paid less than the "predominantly male" FCTs because the PCOs allegedly do not receive equal shift differential, holiday pay, and mileage allowance for non-contiguous overtime. Plaintiffs' Counsel fails to acknowledge that one simple way to eliminate the alleged disparity in this case is simply to eliminate the breaks received by Nassau County's PCOs. Likewise, Plaintiffs' Counsel fails to acknowledge that the disparities alleged in the *Chodkowski*, *Davidson*, and *Abbananto* litigations can be alleviated by reducing and/or eliminating the shift differential, holiday pay, and mileage allowance for non-contiguous overtime allegedly received by FCTs. Plaintiffs' counsel argues that these benefits are protected "via their MOA and the CBA so no one can [] take these benefits away from them." Notably, Plaintiffs' Counsel fails to cite any MOA or CBA as an exhibit in support of his contention in this regard. Furthermore, the argument of Plaintiffs' Counsel is flawed in this regard. If Plaintiffs or the PCOs were able to prevail on their underlying claims in these actions by proving disparate treatment based upon gender in violation of federal law and/or state law, those alleged contracts, which Plaintiffs' Counsel claims protects the PCOs and the FCTs, would be void and unenforceable as an illegal contract, void as against public policy.[2]

Plaintiffs' Counsel attempts to obviate the obvious conflict by submitting a Declaration

---

[2] While counsel for the Defendant is cautious not to release information related to settlement discussions, Defendant's Counsel would like to alert the Court that several additional conflicts (and indeed many of the primary conflicts) between the PCOs and FCTs have arisen in the context of settlement discussions. Defendant's Counsel will provide this information at the

allegedly signed by each Plaintiff purporting to constitute informed consent. "Comment 18 to New York Rule of Professional Conduct 1.7 defines 'informed consent,' in relevant part, as follows: Informed consent requires that each affected client be aware of the relevant circumstances, including the material and reasonably foreseeable ways that the conflict could adversely affect the interests of that client." *Akagi v. Turin Hous. Dev. Fund Co.*, 2017 WL 1076345, at *15 (S.D.N.Y. Mar. 22, 2017). Noticeably missing from Plaintiffs' opposition papers is a declaration signed by even a single PCO or PCOS consenting to the conflict. Moreover, the "informed consent" by the Plaintiffs herein is dubious at best. First and foremost, the Declaration does not mention the word "conflict" even once. How can the FCTs provide "informed consent" to a conflict if they have not been told that a conflict exists? The Declaration does not provide any indication that the Plaintiffs were notified of "the material and reasonably foreseeable ways that the conflict could adversely affect" them. Second, the signature of each Plaintiff is not on the Declaration itself, casting doubt as to whether each Plaintiff actually received and read the Declaration before signing it.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an Order dismissing Plaintiffs' Second Cause of Action, Third Cause of Action, and Fourth Cause of Action, in their entirety, with prejudice; disqualifying Plaintiffs' Counsel; and granting such other and further relief as the Court may deem just and proper.

Dated:      Mineola, New York
            August 8, 2022

                                                By: _____
                                                      Deanna D. Panico

---

request and with the consent of the Court.