UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES ALLEN, HOWARD RIEGLER, VICTOR SOWINSKI, JR., MICHAEL BRINKLEY, NEIL VELASCO, CATHY JONES, PATRICK MADDEN, JR., MICHAEL GIBALDI, PAUL WALTERS, JAMES PRINCE, CRAIG STEWART, PEDRO VERA, JR., NICOLE SALERNO, BESNIK GJONLEKAJ, THOMAS CINQUE, CHRIS FOTOPOULOS, JOSEPH LUCKMAN, ROBERT BRANCATO, MICHAEL CAPOZIELLO, FRANK PASSANISI, III, JOSEPH W. BALLETTA, BRIAN TAMEO, GREGG SPAULDING, BRYAN C. VOGELEY, RALPH MERZ, TIMOTHY MARSHALL, ESTATE OF MICHAEL JAMES,<br><br>         Plaintiffs,<br>   v.<br><br>COUNTY OF NASSAU,<br><br>         Defendant. | **MEMORANDUM & ORDER**<br>22-CV-1572 (HG) (JMW) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiffs, current and former employees of Nassau County ("Defendant"), bring this action against Defendant for alleged violations of: (i) the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; (ii) the Equal Pay Act, 29 U.S.C. § 206(d); (iii) the terms of a court order approving the parties' settlement in the class action lawsuit *Ebbert v. Nassau Cnty.*, No. 05-cv-5445 (E.D.N.Y. filed Dec. 22, 2011), ECF No. 163 ("*Ebbert* Order" or "Third Cause of Action"); and (iv) Nassau County Government Law § 1307 ("Fourth Cause of Action"). Presently before the Court are Defendants' motions to: (i) dismiss Plaintiff's Third and Fourth Causes of Action and (ii) disqualify Plaintiffs' counsel. ECF Nos. 18, 20, 22. For the reasons set forth below, Defendant's motion to dismiss Plaintiffs' Third and Fourth Causes of Action is granted in part and denied in part. Defendant's motion to disqualify Plaintiffs' counsel is denied.

## BACKGROUND

Plaintiffs, Fire Communication Technicians I ("FCT-Is") and Fire Communication Technicians II ("FCT-IIs"), are current and former employees of the Nassau County Fire Commission, Office of Fire Marshal, Fire Communications Bureau. ECF No. 10 ¶¶ 5, 23. Their duties include receiving telephone calls placed on the Nassau County 911 emergency system and dispatching aid, if necessary. *Id.* ¶ 23.

Nassau County and Plaintiffs' union previously entered into an agreement establishing their work schedule: three 12-hour days per week. *Id.* ¶¶ 24–27. Plaintiffs allege that Defendant has violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages properly through several forms of allegedly improper employment practices. First, Plaintiffs work three days on and three days off, which results in four twelve-hour shifts every six weeks, but they are only compensated for three days. *Id.* ¶¶ 19, 27, 29, 31. In other words, according to Plaintiffs, because of the rotating nature of the schedule, "there comes a time (approximately every six weeks) when they work a fourth 12-hour [shift] in a seven-day period but do not get compensated for that fourth 12-hour shift." *Id.* Second, Plaintiffs are not paid overtime compensation when they work more than 40 hours during the sixth week. *Id.* ¶ 30, 32. Third, Plaintiffs are compensated at the incorrect overtime rate when they work over 40 hours a week. *Id.* ¶¶ 2, 33–36. Finally, Plaintiffs allegedly do not receive any breaks, including a lunch break, during their 12-hour shifts. *Id.* ¶ 28.

Plaintiffs further allege that Defendant's failure to provide breaks also violates the Equal Pay Act ("EPA"), Nassau County Government Law § 1307 ("NCGL"), and the court-approved class action settlement in *Ebbert*. Specifically, Plaintiffs allege that Defendant has improperly refused to give breaks to the predominantly male FCT-Is and FCT-IIs despite giving breaks to

2

the predominantly female employees who handle emergency calls for the county's police department as Police Communications Operators ("PCOs") and Police Communications Operator Supervisors ("PCOSs"). *Id.* ¶¶ 3, 11, 38–40. Plaintiffs allege that the PCOs and PCOSs receive four 30-minute paid breaks and a one-hour lunch every 12-hour shift, but the FCT-Is and FCT-IIs receive no breaks of any kind. *Id.*

On March 18, 2022, Plaintiffs filed a Notice of Claim with the Defendant. *Id.* ¶ 41. On March 22, 2022, Plaintiffs filed a complaint against Defendant alleging violations of: (i) FLSA; (ii) the EPA; and (iii) the *Ebbert* Order. ECF No. 1. On April 19, 2022, Plaintiffs filed an Amended Complaint, in which they added a claim under NCGL § 1307. ECF No. 10.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). While the Court must draw all reasonable inferences in favor of the non-moving party, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

I.     **Plaintiffs' Third Cause of Action: Breach of the *Ebbert* Order**

In November 2005, PCOs and PCOSs commenced an action against Nassau County alleging that while the predominantly female PCOs and PCOSs were upgraded to the same salary grade as the male FCT-Is and FCT-IIs, they continued to be paid less because they were not "upgraded to their respective seniority step or in other words they were not given vertical upgrades" in violation of the EPA.  *Ebbert v. Nassau Cnty.*, No. 05-cv-05445 (E.D.N.Y.), ECF No. 18-4 at 8 (internal quotation marks omitted).  On December 22, 2005, Magistrate Judge Tomlinson entered the *Ebbert* Order certifying the settlement class and approving the settlement between the parties.  ECF No. 20-1.

Plaintiffs claim that Defendant violated the *Ebbert* Order by failing to provide Plaintiffs with breaks and thus maintain equality between PCOs/PCOSs and FCT-Is/FCT-IIs.  ECF No. 20-14 at 6.  Defendant argues that Plaintiffs' claim for breach of the *Ebbert* Order should be dismissed because:  (i) Plaintiffs failed to comply with statutory notice of claim requirements; (ii) Plaintiffs lack standing to assert a breach of contract claim; and (iii) Plaintiffs fail to state a cause of action because the *Ebbert* Order does not mention breaks.  ECF No. 18-11 at 9–11. Plaintiffs characterize this claim as a "violation of a Federal Court Order and Judgment," ECF No. 20-14 at 11, and Defendant characterizes the claim as a breach of a settlement agreement or contract.  ECF No. 18-11 at 9–10.

The Court construes Plaintiffs' *Ebbert* Order claim as a breach of contract claim.  The *Ebbert* Order is akin to a consent judgment, "a contract to end a lawsuit in which the parties agree to the relief to be provided by the judgment and the wording to effectuate that relief."  *New York ex rel. Spitzer v. Saint Francis Hosp.*, 289 F. Supp. 2d 378, 383–84 (S.D.N.Y. 2003).  For

purposes of enforcement, "a consent judgment should be construed and interpreted as a contract." *Id.* at 384.

    A.  *Notice of Claim Requirement*

"State claims brought under state law in federal court are subject to state procedural rules." *Henneberger v. Cnty. of Nassau*, 465 F. Supp. 2d 176, 197 (E.D.N.Y. 2006). New York County Law § 52 ("Section 52") requires the filing of a notice of claim for claims "against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature . . . and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees." N.Y. County Law § 52. Section 52 incorporates the notice of claim requirements contained in New York General Municipal Law §§ 50-e and 50-i, which require a notice of claim to be served upon a county at least thirty days before a complaint is filed. *Henneberger*, 465 F. Supp. 2d at 197–98.

The plain language of Section 52 suggests that it applies to "[a]ny claim . . . against a county . . . for damages arising at law or in equity." N.Y. County Law § 52; *see Anderson v. Nassau Cnty. Dep't of Corr.*, 558 F. Supp. 2d 283, 303 (E.D.N.Y. 2008) ("N.Y. County Law §52(1) has broader application . . . and requires a notice of claim for claims against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature . . . and any other claim for damages arising at law or in equity.") (internal quotation marks and emphasis omitted). However, courts interpreting Section 52 have concluded that it "does not require a filing of a notice of claim . . . where the claim is for breach of contract." *Cooper Crouse-Hinds, LLC v. City of Syracuse*, No. 16-cv-1201, 2018 WL 840056, at *10 (N.D.N.Y.

5

Feb. 12, 2018) (citing *Copece Contracting Corp. v. Erie Cnty.*, 495 N.Y.S.2d 871, 871 (N.Y. App. Div. 1985)). *See also Smith v. Rise E. Sch.*, 502 N.Y.S.2d 780, 781 (N.Y. App. Div. 1986) ("County Law § 52, which incorporates the provisions of General Municipal Law §§ 50-e and 50-i does not apply to actions to recover damages for breach of contract.") (citation omitted). Accordingly, Plaintiffs' breach of contract claim for violation of the *Ebbert* Order is not subject to Section 52's notice of claim requirements.

  B. *Standing*

Plaintiffs were not party to the *Ebbert* litigation or settlement agreement and therefore do not have standing to assert a breach of contract claim for violation of the *Ebbert* Order unless they establish that they are third-party beneficiaries. *See Am. Home Energy Inc. v. AEC Yield Cap. LLC*, No. 21-cv-1337, 2022 WL 595186, at *10 (E.D.N.Y. Feb. 28, 2022) ("[In New York,] a breach of contract action may be brought only by a party to the contract or an intended third-party beneficiary."). A third-party beneficiary "must establish . . . that the contract was intended for [its] benefit." *Old Crompond Rd., LLC v. Cnty. Of Westchester*, 162 N.Y.S.3d 71, 808 (N.Y. App. Div. 2022) (internal quotation marks omitted) (alteration in original). "Courts generally have recognized a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party." *Id.* at 808–09 (internal quotation marks omitted). The *Ebbert* Order is a final order and judgment between the plaintiffs (PCOs and PCOSs) and defendant in the *Ebbert* litigation. *See* ECF No. 20-1. Nothing in the *Ebbert* Order suggests that the court intended to permit Plaintiffs to enforce the Order. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's Third Cause of Action on the ground that Plaintiffs lack standing.

6

C. *Failure to State a Cause of Action*

Plaintiffs argue that Defendant failed "to provide the FCT-Is and IIs with the four 30-minute breaks and one-hour lunch per [12-hour] shift, that PCO/PCOSs receive," ECF No. 20-14 at 6, in violation of page 12 of the *Ebbert* Order which states, "Nassau County also commits to use its best efforts to maintain equality between the PCO/PCOS and the FCT/FCTS in the future." ECF No. 20-1 at 13.  Plaintiffs rely on one line in a 36-page order, located in a section providing a description of a fairness hearing regarding the settlement between the parties in the *Ebbert* litigation, and conclude that they have a cause of action under the *Ebbert* Order.  When put in context, it is clear that the *Ebbert* Order is referring to equality of *grade level* and not to breaks during shifts or to general parity between PCOs/PCOSs and FCT-Is/FCT-IIs.  In fact, the sentence upon which Plaintiffs rely includes a citation to the settlement agreement, which states:

> 3.4 Future Actions
>
> (a) Upon the Court's Final Approval of the Settlement Agreement, any PCO or PCOS not in her proper step in grade 10 step, based on years of service shall be immediately upgraded.
>
> (b) Nassau County shall use its best efforts *in the future to maintain the equality of grade level* for the PCOs and FCTs, and the PCOSs and FCTSs respectively.

ECF No. 22-1 at 63 (emphasis added).

The *Ebbert* Order does not order Defendant to maintain a general equality between PCOs/PCOSs and FCT-Is/FCT-IIs, but rather specifically refers to Defendant's efforts to maintain equality of grade level.  Accordingly, the Court also grants Defendant's motion to dismiss Plaintiff's Third Cause of Action on the separate ground that Plaintiffs fail to state a claim.

## II. Plaintiffs' Fourth Cause of Action: Violation of Nassau County Government Law § 1307

NCGL § 1307 provides, "[i]t shall be the duty of the County Civil Service Commission . . . to reclassify all offices and positions in the county classified service and recommend to the Board of Supervisors an ordinance standardizing salaries and conditions of employment in all departments, offices, institutions and agencies of the county, so that, as near as may be, equal pay may be given for equal work." Nassau Cnty. Charter art. XIII, § 1307. Plaintiffs allege that Defendant violated NCGL § 1307 by failing to provide the predominantly male FCT-Is and FCT-IIs with the four 30-minute breaks and one-hour lunch per 12-hour shift that the predominantly female PCOs and PCOSs receive. ECF No. 10 ¶¶ 3, 38–40. Defendant argues that Plaintiffs' claim should be dismissed because: (i) Plaintiffs failed to comply with the statutory notice of claim requirement; and (ii) Plaintiffs claims are barred by the doctrines of *res judicata* and collateral estoppel. ECF No. 18-11 at 12–13.

### A. Notice of Claim

As set forth in detail above, state law claims brought in federal court are subject to state procedural rules, and Section 52 requires that a notice of claim be served upon a county at least thirty days before a complaint is filed. *See Henneberger*, 465 F. Supp. 2d at 197. Plaintiffs argue that they did not need to serve Defendant with a notice of claim prior to initiating the lawsuit because: (i) they served a notice of claim thirty days before amending their complaint to add the NCGL § 1307 cause of action, ECF No. 20-14 at 9; (ii) notice of claims only apply to tort claims for damages and they are seeking injunctive relief, *id.* at 10; and (iii) the NCGL § 1307 claim is an Article 78 proceeding "alleging the County acted in an arbitrary and capricious manner" and therefore is not subject to notice of claim requirements. *Id.*

8

As noted above, Section 52 generally has broad application. *See Anderson*, 558 F. Supp. 2d at 303. Contrary to Plaintiffs' assertion, New York courts have determined that the notice of claim requirement applies to claims for injunctive relief. *See Mendik v. Inc. Vill. of Lattingtown*, 906 N.Y.S.2d 599, 600 (N.Y. App. Div. 2010) ("The notice of claim requirements in . . . County Law § 52 . . . encompass causes of actions for equitable relief."). Courts have also applied Section 52 to cases where Plaintiffs allege violations of state labor laws. *See Gurrieri v. Cnty. of Nassau*, No. 16-cv-6983, 2017 WL 3432208, at *7–8 (E.D.N.Y. Aug. 9, 2017) (dismissing case without prejudice and finding that Plaintiffs were required to file a notice of claim in suit against Nassau County for violating the New York Labor Law). Plaintiffs also cannot evade notice of claim requirements by styling their NCGL claim as an Article 78 proceeding. *See Abramowitz v. Guido*, 403 N.Y.S.2d 120, 120 (N.Y. App. Div. 1978) (holding that "[r]equirement that a notice of claim be timely filed . . . may not be evaded by resort to a CPLR article 78 proceeding").

However, Plaintiffs' service of the notice of claim thirty days before amending their complaint is sufficient to meet Section 52's notice of claim requirements. Plaintiffs filed a notice of claim which included the NCGL cause of action on March 18, 2022, and subsequently filed an amended complaint on April 19, 2022. *See* ECF Nos. 10, 10-4 at 3. Although Plaintiffs waited thirty days before filing their amended complaint, Defendant argues that "Plaintiffs did not comply with the statutory thirty-day waiting period before commencing this lawsuit on March 22, 2022." ECF No. 18-11 at 11–12. As discussed previously, Plaintiffs did not have an obligation to comply with Section 52's notice of claim requirements when they filed their federal and breach of contract claims against Defendant. Accordingly, Plaintiffs were not obligated to file a notice of claim when they initiated the lawsuit because the initial complaint did not include the NCGL claim. *Compare Adams v. City of New York*, 993 F. Supp. 2d 306, 320–21 (E.D.N.Y.

9

2014) (allowing plaintiff to amend complaint to include state law claims covered by notice of claim submitted after lawsuit containing only federal claims was filed) *with Cortland v. Westchester Cnty.*, No. 07-cv-1783, 2007 WL 3238674, at *7–8 (S.D.N.Y. Oct. 31, 2007) (denying motion to amend complaint with respect to state law claim against county employees when plaintiff failed to file notice of claim).

### B. Res Judicata and Collateral Estoppel

"The doctrine of claim preclusion, or *res judicata*, bars the subsequent litigation of any claims that were or could have been raised in a prior action. To demonstrate that a claim is barred under the doctrine of *res judicata*, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Mondelus v. Aug. W. Dev., LLC*, No. 19-cv-4832, 2022 WL 182363, at *2 (E.D.N.Y. Jan. 20, 2022) (internal citations and quotation marks omitted) (emphasis added). "The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling." *Mitra v. Glob. Fin. Corp.*, No. 09-cv-4387, 2010 WL 1529264, at *2 (E.D.N.Y. Apr. 15, 2010).

Defendant invokes the doctrines of collateral estoppel and *res judicata* and argues that Plaintiffs' Fourth Cause of Action is precluded by *AFSCME v. Cnty. of Nassau*, 799 F. Supp. 1370 (E.D.N.Y. 1992) because the court in *AFSCME* "rendered a decision on the merits finding that PCOs and FCTs do not perform equal work." ECF No. 18-11 at 13 (internal quotation marks omitted). The plaintiffs in *AFSCME*, female employees of Nassau County, alleged that

10

Nassau County "discriminates in *compensation* on the basis of sex by paying historically female job classifications less than historically male classifications which require an equivalent or lesser composite of skill, effort, responsibility and working conditions." *AFSCME*, 799 F. Supp. at 1372 (emphasis added). The plaintiffs, who represented a class of women who served in various positions, including police communications operators, police detention aides, and clerical workers, alleged that Nassau County violated Title VII and the EPA. *Id.* at 1372, 1407.

"Use of collateral estoppel must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *See Faulker v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005). The question of whether FCT-Is/FCT-IIs and PCOs/PCOSs perform substantially equal work such that they should receive the same breaks is necessarily a fact-intensive inquiry which cannot be decided at this time. The court in *AFSCME* made a factual determination that "the job titles of police communications operator and of fire communications technician are not substantially similar" after a bench trial in which it considered, *inter alia*: (i) the number of supervisors PCOs/PCOSs and FCT-Is/FCT-IIs have; (ii) the number of emergency calls received during a shift; (iii) the allocation of duties and tasks; and (iv) the requirements for each position. *See AFSCME*, 799 F. Supp. at 1407–08. Importantly, the decision in *AFSCME* was made in 1992. The Court cannot conclusively determine at this stage of the proceedings whether "the controlling facts and applicable legal rules remain unchanged." *Faulker*, 409 F. 3d at 37. Furthermore, "[p]rivity for the purposes of *res judicata* exists, when the interests involved in the prior litigation are virtually identical to those in later litigation." *Mondelus*, 2022 WL 182363, at *3 (internal quotation marks omitted). The parties

11

in each litigation are different—the plaintiffs in *AFSCME* were a class of female Nassau County employees, and Plaintiffs, here, are predominantly male FCT-Is and FCT-IIs.

Based on the allegations of the Amended Complaint, both the issues and facts litigated in *AFSCME* are sufficiently different from those present here, and accordingly, the Court finds that the doctrines of collateral estoppel and *res judicata* are not applicable.

### III.  Defendant's Motion to Disqualify Plaintiffs' Counsel

Motions to disqualify counsel are "committed to the sound discretion of the District Court." *Galante v. Mercedes Benz of Massapequa, LLC*, No. 18-cv-2426, 2022 WL 1019007, at *3 (E.D.N.Y. Jan. 20, 2022) (citing *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994)).  In the Second Circuit, motions to disqualify counsel are generally disfavored "as they are often interposed for tactical reasons, and . . . even when made in the best of faith, such motions inevitably cause delay.  Accordingly, such motions are subjected to a high standard of proof." *Pagan v. C.I. Lobster Corp.*, 549 F. Supp. 3d 356, 359 (S.D.N.Y. 2021) (citations and internal quotation marks omitted).

Defendant asserts that Plaintiffs' counsel, the Law Offices of Louis D. Stober, Jr., is violating Rule 1.7 of New York's Rules of Professional Conduct in representing differing interests.  *See* ECF No. 18-11 at 13.  "Rule 1.7 of New York Rules of Professional Conduct . . . states in pertinent part that a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." *Pagan*, 549 F. Supp. 3d at 360–61.  In substance, Defendant argues that a conflict of interest exists because "Plaintiffs' counsel is pursuing claims on behalf of a class of individuals (predominantly male FCTs) that is directly in conflict with his pre-existing representation of another class of individuals (predominantly female PCOs)." ECF No. 18-11 at 13 (internal

12

quotation marks omitted). Defendant references four cases in which Plaintiffs' counsel pursued claims of gender discrimination on behalf of predominately female PCOs: (i) *Chodkowski v. Cnty. of Nassau*, No. 16-cv-5770 (E.D.N.Y.); (ii) *Chodkowski v. Cnty. of Nassau*, No. 603925/2017 (N.Y. Sup. Ct.); (iii) *Davidson v. Cnty. of Nassau,* No. 18-cv-1182 (E.D.N.Y.); and (iv) *Abbananto v. Cnty. of Nassau,* No. 19-cv-1102 (E.D.N.Y.). *Id.* These lawsuits are all class actions in which plaintiffs, predominantly female PCOs and PCOSs, allege that Nassau County engaged in various types of improper compensation practices that violated the FLSA, the EPA, state, and county laws. *See* ECF Nos. 18-6, 18-7, 20-8, 20-11.

The Court disagrees with Defendant's assertion that the law "permits recovery by only one or the other set of litigants." ECF No. 22 at 11. Here, Plaintiffs—FCT-Is and FCT-IIs— seek overtime wages and breaks. In the prior lawsuits filed by Plaintiffs' counsel, the PCO and PCOS plaintiffs sought overtime wages, holiday pay, mileage allowance and shift differentials. Both sets of plaintiffs are not "inherently" in opposition to one another. *See* ECF No. 18-11 at 14. Although they are both seeking recovery against the same defendant, if their allegations are true, they are entitled to separate monetary and/or injunctive relief.

Defendant's argument is premised on speculative assertions regarding the possible ways to resolve the alleged disparities between the predominantly female PCOs/PCOSs and the predominantly male FCT-Is/FCT-IIs: (i) to "eliminate the breaks received by Nassau County's PCOs," or (ii) to "reduc[e] and/or eliminat[e] the shift differential, holiday pay, and mileage allowance for non-contiguous overtime allegedly received by FCTs." ECF No. 22 at 12. These supposed solutions would potentially decrease the compensation paid to one group of Plaintiffs' counsel's clients in order to provide supposedly equal treatment to another group of clients. Defendant does not claim, however, that these are the only possible—or even the most likely—

resolutions of the pending matters.  *Id.*  Defendant simply posits "hypothetical scenarios of conflict," which are not sufficient to meet the high standard of proof necessary for disqualification.  *See Rothberg v. Phil's Main Roofing, LLC*, No. 14-cv-10195, 2016 WL 2344882, at *2 (S.D.N.Y. May 2, 2016).

Importantly, this case is not a class or collective action, so there are no absent class members whose choice of counsel the Court needs to safeguard.  Each Plaintiff here has individually agreed to counsel's representation and has "fully accept[ed] Mr. Stober as [their] attorney knowing full well that he is also currently representing the PCO/PCOSs in three cases . . . seeking to equalize shift differential, holiday pay and mileage allowance on non-contiguous overtime with FCT I/IIs."  ECF No. 20-13 at 2.  "Recognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice, [the Second Circuit has] indicated that such relief should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint.  Consequently, [t]he appearance of impropriety alone does not warrant disqualification."  *Rothberg,* 2016 WL 2344882, at *2 (citation and internal quotation marks omitted) (alterations in original).  Accordingly, as Defendant fails to meet the requisite high standard of proof to justify the disqualification of Plaintiffs' counsel, the motion to disqualify must be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' Third and Fourth Causes of Action is granted in part and denied in part. Defendant's motion to disqualify Plaintiffs' counsel is denied.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       September 26, 2022