

LAW OFFICES OF
# LOUIS D. STOBER, JR., L.L.C.

98 FRONT STREET
MINEOLA, NEW YORK 11501

LOUIS D. STOBER, JR
_____

ALYSSA F. BOMZE†
_____

†ADMITTED IN NY & NJ

WEBSITE: WWW.STOBERLAW.COM
TEL: (516) 742-6546
FAX: (516) 742-8603*
* NOT FOR SERVICE OF PROCESS

May 19, 2023

**ORIGINAL VIA ECF**
Honorable James M. Wicks, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  **Re:** **Allen et al v. County of Nassau 22-CV-1572(JMW) : Motion for Approval of FLSA Settlement and in Support of Stipulation for Dismissal**

Dear Magistrate Judge Wicks:

  The Plaintiffs write this letter in support of the Plaintiffs' Motion for Approval of the parties' Settlement Agreement and in support of the parties' Stipulation to Dismiss the Case with Prejudice under *Cheeks v. Freeport Pancake House*, 786 F.3d 199 (2d Cir. 2015). As will be discussed further below, the settlement of the above matter for a recovery of $1,200,000 to the 27 Plaintiffs including $175,000 in attorneys' fees, costs and expenses constitutes a reasonable compromise in light of the several contested issues that were raised in the litigation and the maximum recovery that we believe could have been obtained had the case been successfully litigated through trial.

  I. Background

  The Plaintiffs filed this Fair Labor Standards Act (FLSA)Action in the United States District Court for the Eastern District of New York on March 22, 2022. An Amended Complaint was filed on April 19, 2022. After agreeing on a discovery schedule and commencing discovery, the Defendant filed a motion to dismiss some of Plaintiffs' cause of actions and to disqualify Plaintiffs' counsel. Thereafter, Judge Gonzalez issued an Order granting Defendant's motion dismissing the breach of contract claim under *Ebbert*, but otherwise denied Defendant's motions



**LAW OFFICES OF**
**LOUIS D. STOBER, JR. L.L.C.**

in their entirety. The parties engaged in extensive discovery culminating in settlement discussions that led to two days of court supervised mediations by Magistrate Judge Wicks on March 9, 2023 and March 20, 2023 at which point a settlement was reached, pending Court approval and Nassau County Legislative approval.

This action was brought by 27 Fire Communication Technicians I and II (FCT I/II) alleging that due to their work schedule, they were required to work a fourth 12 hour shift, without breaks, every 7th week resulting in an alleged violation of the FLSA since in those weeks, 8 hours of overtime, in excess of 40 hours per week, were worked without compensation. This was identical to the claims brought in the *Gurrieri et al v. County of Nassau* case, 16-cv-6983 and similar to the claims brought in *Chodkowski et al v. County of Nassau* 16-cv-5770 (both cases being very familiar to Your Honor). In addition, the Allen plaintiffs had a cause of action under the EPA and Section 1307 Nassau County Government Law, alleging inequality in terms and conditions of employment and unequal pay inasmuch as Police Communication Operators and Supervisors receive 2 hours of paid breaks per day while the FCT I/IIs do not.

I have annexed hereto my declaration in support of attorneys' fees. I have been engaged in the practice of law specializing in labor and employment and FLSA litigation for over 39 years. I represent two of the largest labor unions in New York, the Civil Service Employees Association and the School Administrators Association of New York. I have been a frequent lecturer of labor law and am an adjunct professor at Cornell's Industrial Labor Relations, a position I have held for over 31 years. My accomplishments in the labor and employment field are well known, especially in the Eastern District of New York. I have million dollar plus settlements, verdicts and/or judgments from virtually every Judge in the Eastern District, including the successful settlement of the *Chodkowski* FLSA case, which your Honor approved. As such, my usual and customary legal fee is $650 per hour.

In this case, my fees, costs and disbursements were $211,250 as of March 22, 2023, at which point I stopped keeping track of my hours as this Court, in mediation, stated that a legal fee of $175,000 was appropriate and would be approved. (and more hours will be expended in distribution and follow up of the settlement monies in the coming months). As a compromise, and with the full agreement of this Court and the County, I have accepted a legal fee and reimbursement of expenses of $175,000 to be paid by the County as part of the $1,200,000 settlement as full compensation for my fees and expenses.

This action consisted of two causes of action, one for violation of the FLSA, i.e., for the County's failure to pay the County's failure to pay any compensation for the hours in excess of forty worked every 7th week when the affected employees are mandated to work a fourth 12 hour shift for no compensation and one under the EPA/1307 Nassau County Government Law for failure to provide 2 hours of paid breaks, per shift for the FCT I/IIs as is done for the PCO/PCOSs.

II.     The Proposed Settlement

LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

      As alluded to above, the proposed settlement agreement awards $21,750 to the Plaintiffs, affording them the exact amount of money they would have received had they been part of the Chodkowski settlement. In addition, the County has agreed to pay me $20,000 for my legal fees, costs and disbursements.

      This Court should also take note that many more hours will still be expended distributing the settlement proceeds to all of the Plaintiffs, obtaining collating, recording and transmitting all w-4s and w-9s, mailings where necessary, and overseeing the distribution of all monies. For the reasons set forth below, Counsel respectfully submits that the attorneys' fees and expense reimbursement we seek are fair and reasonable under the applicable legal standards and should be awarded in light of the contingency risk undertaken and the extraordinary result achieved in this case. The FLSA contains the applicable fee-shifting provision for violations of the Act which provides as follows: "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs are the prevailing party for the purposes of the statute "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute as prevailing parties and are entitled to attorney's fees. "The fact that [plaintiffs] prevailed through a settlement rather than through litigation does not weaken [plaintiffs'] claim to fees." *Kahlil v. Original Old Homestead Rest., Inc.,* 657 F.Supp.2d 470, 474 (S.D.N.Y.2009) (quoting *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)).

      In the instant case, the County (upon this Court's recommendation) has agreed to compensate me $175,000 for my legal fees and costs and expenses as part of the $1,200,000 settlement. This is a fair and reasonable fee and is less than what my actual legal fees were in this matter to date.

      Should this Court require anything further of the undersigned with regard to his fee request, I will be happy to oblige.

<u>The Proposed Settlement Warrants Approval from this Court</u>

  A. *Legal Standard for Approval*

      As a general matter, because judicial approval of an FLSA settlement does not implicate the same due process concerns as a Rule 23 case in which many of the parties to be bound by a settlement are not present or even active in the case, the standard of review of an FLSA settlement is far less stringent. <u>Massiah v. MetroPlus Health Plan, Inc.</u>, No. 11-CV-05669 BMC, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012). Therefore, Courts are encouraged to approve FLSA settlements so long as the settlement was reached out of contested litigation regarding a *bona fide* dispute and so long as the compromise reached is reasonable in light of the contested issues. <u>Sierra v. Spring Scaffolding LLC</u>, No. 12-CV-05160 (JMA), 2015 WL

LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

10912856, at *6 (E.D.N.Y. Sept. 30, 2015). In the present action, both of these factors have been satisfied and warrant approval of the proposed settlement.

### B. Discussion of Factors Favoring Approval

As the facts above and the course of litigation should demonstrate, the present action involved more than just a contention of innocence on the part of the Defendant but an actual *bona fide* dispute between the parties. The compromise that has been reached in the present action is reasonable in light of the fact it provides each Plaintiff with compensation for unpaid overtime in excess of forty per week on each week that they were required to work a fourth 12 hour shift without compensation. This Court has already weighed the risks and advantages of the *Chodkowski, Aamodt* and *Gurrieri* settlements and found them each to be fair and reasonable. Unlike the *Chodkowski* and *Aamodt* settlements wherein the County was claiming a credit for the 2 hours of breaks given to the PCO/PCOSs per shift, there are no breaks given to the FCT I/IIs herein. Also, unlike *Gurrieri*, wherein the County was alleging a 7k exemption, there is no such claim in this case. The County's main defense herein was that not all FCT I/IIs worked all four shifts in the weeks where they were required to work four shifts (Chart Days), thereby not reaching the forty hour threshold.

In preparing for mediation, we calculated that the overall total for Chart Day overtime from 2019 through 2022 for the 27 Plaintiffs (recognizing that three years back from when the suit was filed would only allow for 6 Chart days in 2019) came to $324,979.12. Adding 100% liquidated damages would bring that total to **$649,958.24**. 2023 Chart Days would total $86,001.60. Adding 100% liquidated damages would bring 2023's total to **$172,003.20**. Adding those to sums together comes to **$821,961.44** if we were totally successful in litigation that concluded in 2023. This sum would not account for weeks in which any Plaintiff did not work the Chart Day. By settling the FLSA claims for $408,000 we recognized that not all Plaintiffs worked all four shifts in a Chart week and recognizing the County's defense of a two rather than a three year look back for damages. This sum was a fair compromise brokered by this very Magistrate Judge.

The second issue is that PCO/PCOSs receive 4 30 minute breaks per shift while the FCT I/IIs receive no breaks. As I stated to the County in our settlement letter from July of 2022, we were willing to settle by instead of giving the breaks (we realize that would require hiring additional FCT I/IIs), we would settle by crediting 2 hours of comp per day x 3 days of work per week x 52 = 312 hours of comp per year until the Fire Marshal is able to hire sufficient staff to afford all employees their 4 30 minute breaks per shift. It is my understanding that the Fire Marshal is on board with this and to continue this going forward. Of course in 2019, there would only be 41 weeks because we started the suit March 22, 2022 and can only go back three years so that would be 246 hours
   a. 2019: 246
   b. 2020: 312
   c. 2021: 312
   d. 2022: 312


**LAW OFFICES OF**
**LOUIS D. STOBER, JR. L.L.C.**

    e. 2023: 312 (if settlement occurs before 12/31/23 we would reduce the total hours accordingly).
    f. TOTAL: 1494 hours of comp per person except for James, Marshal and Merz.
    g. 23 active Plaintiffs x 1494 = **34,362** hours of compensatory time to be credited in total (James, Merz and Marshal would have to be paid for the comp hours they would have accrued)
    h. James: 41 weeks in 2019 = 246 x $33.67 (hourly rate)= $8,282.82; 50 weeks in 2020 = 300 hours x $33.67 = $10,101 for a total of: **$18,383.82**.
    i. Merz: 41 weeks in 2019 = 246 x $40.05 = $9,852.30; 20 weeks in 2020 = 120 hours x $40.05 = $4,806 for a total of: **$14,658.30**.
    j. Marshal: 41 weeks in 2019 = 246 x $46.95 = $11,549.70; 36 weeks in 2020 = 216 hours x $46.95 = 10,141.20 for a total of: **$21,690.90**.

In the courses of mediation, we reached an understanding that the value of the 34,362 hours of compensatory time we were seeking was settled for $583,000. In addition, each FCT I/II will, going forward, receive 2 hours of compensatory time each shift until the Fire Marshall is able to hire enough FCTs to allow for each FCT I/II to receive their 2 hours of breaks each day.

In this settlement, the Plaintiffs will receive the $583,000 for lost breaks plus each Plaintiff who separated/died will receive $4,500, $3,500 or $5,000 respectively.

Given that the County hotly contested whether the predominantly male, FCTs were comparable to the predominantly female PCOs, this was a very fair settlement of those claims.

Finally, recognizing the outstanding support and work that James Allen and Brian Vogeley provided to the undersigned during the course of litigation, including analysis of thousands of pages of discovery materials, obtaining discovery and engaging in two days of mediation, a $10,000 participation fee for each was agreed upon by the Plaintiffs, to come out of the overall $1,200,000 settlement sum.

Therefore, in light of the foregoing, the Plaintiffs respectfully request that the annexed settlement and the parties' stipulation to dismiss the case with prejudice (both annexed hereto as Exhibit "A") be approved. The breakdown of how much each Plaintiff will receive is annexed hereto as Exhibit "B".

Since every one of the Plaintiffs have signed the stipulation of settlement, there is no reason to hold a "fairness hearing" as it would be duplicative of what the parties have already built into the stipulation of settlement. We believe holding a "fairness hearing" will not add anything to the equation and, in reality will delay the processing and payout of this settlement by at least two months.

C. <u>Wolinsky v. Scholastic Inc</u>. 900 F. Supp.2d 332, 335 (S.D.N.Y.) Factors


LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

Factor I: the plaintiffs' range of possible recovery: the range of recovery for each plaintiff ranged from -0- dollars to $30,000 or so on the FLSA claim (if they worked all four shifts in a Chart week every week for three years) and about 1,200 hours of compensatory time for missed breaks if they worked every single shift for three years. In this case, each Plaintiff is receiving $41,333 (with the exception of the three Plaintiffs who are retired/died). This is an outstanding recovery.

Factor II: the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses: Reaching a settlement before having to expend a tremendous amount of time and resources on discovery is an economic boon for both sides. The *Chodkowski* litigation took over four years to complete discovery and prepare motions for summary judgment. The instant litigation would easily take two years to fully complete discovery and complete motion practice.

Factor III: the seriousness of the litigation risks faced by the parties: As shown above, the County had a very real risk of having to pay these plaintiffs the FLSA overtime for the eight hours worked above 40 each Chart day for three years. In addition, payment of overtime for missed breaks could lead to a substantial sum for the County as well. The County's main defense was that the FCTs and PCOs were not comparable and therefore, not covered by the EPA or Section 1307 Nassau County Government Law. If they were successful on that claim, there would be -0- damages on the "breaks" issues. By settling now, the County (and the Plaintiffs) have saved thousands of dollars in legal fees and expenses that protracted litigation would have produced. Similarly, the Plaintiffs faced the same risks as in *Chodkowski*, that with credit for time off they could face a very minimal damage verdict on the FLSA claim. Realizing the risks on both sides, the Parties reached the settlement brokered by your Honor. As an additional bonus for settling, the County was able to obtain a concession from the plaintiffs that they will, going forward, only receive Holiday pay for the actual hours worked on a holiday and that going forward, they will not receive milage reimbursement for working non-contiguous overtime, issues that would not have been resolved if the litigation had gone forward to judgment.

Factor IV: whether the settlement agreement is the product of arm's – length bargaining between experienced counsel: This Court is aware that these issues have been seriously litigated and that counsel on both sides are seasoned veterans of these FLSA wars. The settlement reached here was the result of arm's length bargaining in two mediation sessions supervised by Your Honor as he believed this to be a fair and just settlement.

Factor V: the possibility of fraud or collusion: Since the settlement reached was supervised by Your Honor, there was no opportunity for or hint of fraud or collusion.

Looking at the *Wolinsky* factors against settlement, this Court can see none of them exist.

Factor I: the presence of other employees situated similarly to the claimant: with this settlement, there are no other FCT I/IIs affected by issues in this litigation. All have been accounted for.



LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

Factor II: a likelihood that the claimant's circumstances will recur: As stated in the motion, this circumstance will not recur. As part of the settlement, there is a new Memorandum of Agreement (also specifically approved by your Honor) that requires 2 hours of break time each shift and/or the payment of 2 hours of compensatory time (thus eliminating the FLSA claims going forward) and the payment of Holiday Pay for only the hours worked on a holiday and eliminating the payment of mileage reimbursement for non-contiguous overtime. Therefore, the issues in this litigation can never recur.

Factor III: a history of FLSA non-compliance by the same employer or others in the same industry: with this settlement, we will have concluded these FLSA issues for all FCT I/IIs in the Fire Marshall's Office. The settlement agreement specifically carves out the existing litigation between the parties that is still ongoing.

Factor IV: the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general ir in an industry or in a workplace. The record of the County's actions concerning Chart were completely developed. This action rectifies all FLSA issues and EPA issues concerning the FCT I/IIs visa vie PCO/PCOSs except as carved out above and in the stipulation of settlement.

In addition to disputes over liability, there was also the question of the measure of damages. The Plaintiffs claimed that the violations of the FLSA were willful entitling them to go back to their date of hire, three years or less, and entitlement to liquidated damages equal to 100% of the monies owed.

Furthermore, the compromise that has been reached in the present action is reasonable in light of the issues in the case. If the Defendants prevailed on the break issue, the Plaintiffs would be entitled to -0- damages. By contrast, if the Plaintiffs prevailed at trial, the monetary damages were only a few hundred thousand dollars more than the settlement  Given the chance of a -0- recovery and the security of having a set payment now versus waiting for years for a final outcome of this case, it behooved all parties to reach the settlement that it did.

The Proposed Settlement Warrants Approval from this Court

As stated above, because judicial approval of an FLSA settlement does not implicate the same due process concerns as a Rule 23 case in which many of the parties to be bound by a settlement are not present or even active in the case, the standard of review of an FLSA settlement is far less stringent. Massiah v. MetroPlus Health Plan, Inc., No. 11-CV-05669 BMC, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012). Therefore, Courts are encouraged to approve FLSA settlements so long as the settlement was reached out of contested litigation regarding a *bona fide* dispute and so long as the compromise reached is reasonable in light of the contested issues. Sierra v. Spring Scaffolding LLC, No. 12-CV-05160 (JMA), 2015 WL 10912856, at *6 (E.D.N.Y. Sept. 30, 2015). In the present action, both of these factors have been satisfied and warrant approval of the proposed settlement.



LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

   We would like to thank this Court for its time and consideration with respect to this matter.

                Very truly yours,
                *Louis D. Stober, Jr.*
                LOUIS D. STOBER, JR. (LS-9318)