UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAMES ALLEN, HOWARD RIEGLER, VICTOR
SOWINSKI, JR., MICHAEL BRINKLEY, NEIL
VELASCO, CATHY JONES, PATRICK MADDEN,
JR., MICHAEL GIBALDI, PAUL WALTERS,
JAMES PRINCE, CRAIG STEWART, PEDRO
VERA, JR., NICOLE SALERNO, BESNIK
GJONLEKAJ, THOMAS CINQUE, CHRIS
FOTOPOULOS, JOSEPH LUCKMAN, ROBERT
BRANCATO, MICHAEL CAPOZIELLO, FRANK
PASSANISI, III, JOSEPH W. BALLETTA, BRIAN
TOMEO, GREGG SPAULDING, BRYAN C.
VOGELEY, RALPH MERZ, TIMOTHY
MARSHALL, ESTATE OF MICHAEL JAMES,

Case No.: 22-cv-1572 (JMW)

**SETTLEMENT AGREEMENT
AND RELEASE**

Plaintiffs,

- against -

COUNTY OF NASSAU,

Defendant.
-------------------------------------------------------------X

Subject to approval by the United States District Court for the Eastern District of New York, the Nassau County Legislature, and the Nassau County Interim Finance Authority (hereinafter, "NIFA") (if required), this Settlement Agreement and Release (hereinafter, "Settlement Agreement") is entered into between Plaintiffs James Allen, Howard Riegler, Victor Sowinski, Jr., Michael Brinkley, Neil Velasco, Cathy Jones, Patrick Madden, Jr., Michael Gibaldi, Paul Walters, James Prince, Craig Stewart, Pedro Vera, Jr., Nicole Salerno, Besnik Gjonlekaj, Thomas Cinque, Chris Fotopoulos, Joseph Luckman, Robert Brancato, Michael Capoziello, Frank Passanisi, III, Joseph W. Balletta, Brian Tomeo, Gregg Spaulding, Bryan C. Vogeley, Ralph Merz, Timothy Marshall, Estate of Michael James, and Defendant, County of Nassau.

**RECITALS**

1. Plaintiffs James Allen, Howard Riegler, Victor Sowinski, Jr., Michael Brinkley, Neil Velasco, Cathy Jones, Patrick Madden, Jr., Michael Gibaldi, Paul Walters, James Prince, Craig Stewart, Pedro Vera, Jr., Nicole Salerno, Besnik Gjonlekaj, Thomas Cinque, Chris Fotopoulos, Joseph Luckman, Robert Brancato, Michael Capoziello, Frank Passanisi, III, Joseph W. Balletta, Brian Tomeo, Gregg Spaulding, Bryan C. Vogeley, Ralph Merz, Timothy Marshall, and Estate of Michael James, filed this Action in the United States

District Court for the Eastern District of New York on March 22, 2022. An Amended Complaint was filed on April 19, 2022.

2. On November 17, 2022, Defendant filed an Answer to the Amended Complaint denying all liability under any of Plaintiffs' claims.

3. The Parties agree that bona fide disputes exist regarding Plaintiffs' claims.

## SETTLEMENT NEGOTIATIONS

4. On March 9, 2023, the Parties attended a settlement conference before U.S. Magistrate Judge James M. Wicks.

5. A second settlement conference was held before U.S. Magistrate Judge James M. Wicks on March 20, 2023.

6. Combined, the settlement conferences lasted more than seven hours total.

7. The March 20, 2023 settlement conference was successful. The Parties reached an agreement as to the Total Settlement Amount, as set forth herein, and the Parties reached an agreement as to the non-monetary settlement terms, as set forth in a separate Memorandum of Understanding, dated May _, 2023, between Defendant, County of Nassau and the Civil Service Employees Association, A.F.S.C.M.E. LOCAL 1000, A.F.L.-C.I.O., by its Local 830 ("CSEA").

8. Defendant denied and continues to deny all of the allegations embodied in this Action. Nonetheless, without admitting or conceding any liability or responsibility for damages, Defendant has agreed to settle this Action solely to avoid the burden, expense, and uncertainty of continued litigation.

9. Plaintiffs' counsel has thoroughly investigated the facts and diligently pursued discovery, including interviews with the Plaintiffs and an analysis of the wage-and-hour data produced by Defendant. Based on his independent investigation and evaluation of the facts and law relating to the claims asserted in this Action, including the risk of significant delay and Defendant's defenses, Plaintiffs' counsel believes this Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Plaintiffs.

10. Wherefore, subject to approval by the Court, the Nassau County Legislature, and NIFA (if required), the Parties have reached an agreement to settle this Action upon the terms and conditions set forth below.

## TERMS OF THE AGREEMENT

A. **Definitions Used in this Agreement**

11. "Action" means the civil action in the United States District Court for the Eastern District of New York entitled *James Allen, et al. v. County of Nassau*, Case No. 22-cv-1572.

12. "Agreement" or "Settlement Agreement" shall mean this Settlement Agreement and Release.

13. "Approval Date" means the date the Court enters an order approving this Settlement.

14. "Defendant" shall mean the County of Nassau.

15. "Defendant's Counsel" shall mean Deanna D. Panico of Bee Ready Fishbein Hatter & Donovan, LLP.

16. "Effective Date" shall mean the date that the Settlement is approved by NIFA, if NIFA approval is required. If NIFA approval is not required, Effective Date shall mean the date that the Settlement is approved by the Nassau County Legislature.

17. "Parties" shall mean the Plaintiffs and Defendant, as defined herein.

18. "Plaintiffs" shall mean the named Plaintiffs in the Action, James Allen, Howard Riegler, Victor Sowinski, Jr., Michael Brinkley, Neil Velasco, Cathy Jones, Patrick Madden, Jr., Michael Gibaldi, Paul Walters, James Prince, Craig Stewart, Pedro Vera, Jr., Nicole Salerno, Besnik Gjonlekaj, Thomas Cinque, Chris Fotopoulos, Joseph Luckman, Robert Brancato, Michael Capoziello, Frank Passanisi, III, Joseph W. Balletta, Brian Tomeo, Gregg Spaulding, Bryan C. Vogeley, Ralph Merz, Timothy Marshall, and Estate of Michael James.

19. "Plaintiffs' Counsel" shall mean Louis D. Stober, Jr. of the Law Offices of Louis D. Stober, Jr., LLC.

20. "Released Claims" means any and all individual, class, or collective wage-and-hour claims that were or could have been brought based on the factual allegations contained in the Action, that occurred or are alleged to have occurred at any time through the Effective Date, including without limitations claims for unpaid wages, unpaid overtime compensation, penalties, liquidated damages, interest, attorneys' fees or expenses, and further including claims under the Fair Labor Standards Act and the New York State Labor Law.

Released Claims also includes any and all individual, class, or collective gender and sex discrimination claims that were or could have been brought based on the factual allegations contained in the Action, that occurred or are alleged to have occurred at any time through the Effective Date, including without limitations claims for discrimination

under federal, state or local, human or civil rights laws and/or regulations, contract or tort laws, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. §§ 1981 and 1983, New York State Executive Law § 296, the Equal Pay Act of 1963, and Nassau County Government Law § 1307.

Any claims brought by the Plaintiffs in *Arciello, et al. v. County of Nassau*, 16-cv-3974 and *Aliberti, et al. v. Nassau County*, 15-cv-07111, are excluded from the Released Claims.

21. "Released Parties" means the Defendant, its agencies, departments, officers, agents, employees, and its predecessors, successors and assigns.

22. "Release Period" shall mean the period beginning March 22, 2016 and ending on the Effective Date.

23. "Settlement" means the settlement of the Action described and defined by, and according to the terms of, the Agreement.

24. "Total Settlement Amount" means the amount of One Million Two Hundred Thousand Dollars ($1,200,000.00). The Total Settlement Amount will cover the settlement payments to the Plaintiffs, including liquidated damages, participation fees, the proposed attorneys' fees, litigation costs and disbursements to Plaintiffs' Counsel.

B.  **Settlement Amount and Allocation**

25. Total Settlement Amount. Subject to the terms and conditions of this Agreement, the total amount Defendant, County of Nassau will pay and/or make available for distribution, in final and complete settlement of this Action, is One Million Two Hundred Thousand Dollars ($1,200,000.00). The Total Settlement Amount will be paid and/or made available to Plaintiffs and Plaintiffs' Counsel as determined by order of the Court and shall be distributed in the manner set forth in Paragraphs 38-42 of this Settlement Agreement. The Parties agree that within the joint motion for court approval of the Settlement, as set forth in Paragraph 34 of this Settlement Agreement, the Parties will seek to have the Total Settlement Amount distributed as set forth in the spreadsheet annexed hereto as Exhibit A. The Parties agree and acknowledge, however, that ultimately the Total Settlement Amount will be distributed in the manner ordered by the Court.

26. Tax Treatment of Individual Settlement Payments and Participation Fees. For the individual settlement payments made to the Plaintiffs, fifty percent (50%) of the FLSA amount and 100% of the Compensatory amount paid to each Plaintiff under this Agreement shall be reported as wages to the appropriate taxing authorities on a Form W-2 issued to the Plaintiff with his or her taxpayer identification number, and shall be subject to deduction of the employee share of applicable taxes and withholdings as required by federal, state, and local law. The remaining fifty percent (50%) of the FLSA amount paid to each Plaintiff will be allocated to liquidated damages, interest and/or

Case 2:22-cv-01572-JMW   Document 32   Filed 05/30/23   Page 5 of 14 PageID #: 1034

penalties and shall be reported as non-wage income to the appropriate taxing authorities on a Form 1099 issued to the Plaintiffs. The FLSA amount and the Compensatory amount to be paid to each Plaintiff shall be set forth in the spreadsheet annexed hereto as Exhibit A. Any participation fee approved by the Court shall be treated as non-wage income for the calendar year of payment and reported by Defendant County of Nassau to the appropriate taxing authorities on a Form 1099.

27. Tax Treatment of Attorneys' Fees and Litigation Costs. Defendant County of Nassau will issue a Form 1099 to Plaintiffs' Counsel with respect to all attorneys' fees and litigation costs approved by the Court for distribution to Plaintiffs' Counsel.

28. The Parties acknowledge that, for purposes of retirement pay, the allocation of the back wages portion of the individual settlement payments referred to in Paragraph 25-26 above, are subject to final approval by the New York State and Local Retirement System (the "NYSLRS").

29. With respect to the Individual Settlement Payments made to the Plaintiffs and the participation fees referred to in Paragraphs 25-26 above, the Plaintiffs agree to indemnify and hold the Released Parties harmless for any taxes, interest and/or penalties that may be assessed by any taxing authorities as a result of any failure by the Plaintiffs to fulfill his/her tax obligations for any payment received pursuant to this Settlement Agreement or for any other adverse tax consequences associated with the manner in which the payments required under this Settlement Agreement have been allocated.

## RELEASE OF CLAIMS

30. **Release** In accordance with the terms of this Agreement, Plaintiffs shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims. This release is intended to and shall be effective as a release of and bar to all Released Claims that have accrued as of the Effective Date. Any claims brought by the Plaintiffs in *Arciello, et al. v. County of Nassau*, 16-cv-3974 and *Aliberti, et al. v. Nassau County*, 15-cv-07111, are excluded from the Released Claims.

31. **Release of Attorneys' Fees and Litigation Costs** Plaintiffs and Plaintiffs' Counsel agree that the payment of attorneys' fees and litigation costs to Plaintiffs' Counsel pursuant to this Agreement and as approved by the Court includes, satisfies, and extinguishes all claims for attorneys' fees and expenses recoverable in the Action. In consideration of such payment, Plaintiffs' Counsel releases and waives any and all claims to further attorneys' fees and expenses in connection with the Action.

## APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

32. **Cooperation** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, effectuate its terms, and cause the Action to be dismissed with prejudice.

33. **Fair, Adequate and Reasonable Settlement** The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

34. **Joint Motion for Court Approval of Settlement** Within five (5) business days after the execution of this Agreement, the Parties will jointly move the Court for approval of the Settlement and entry of an approval order granting approval of the Settlement as fair, adequate, and reasonable. If the Court does not issue an approval order, or decides to do so only with material modifications to the terms of this Agreement, or if the approval order is reversed or vacated by an appellate court, then this Agreement shall become null and void.

35. **Legislative Approval** After the Approval Date, Defendant County of Nassau will submit this Settlement Agreement to the Nassau County Legislature for legislative approval. If the Nassau County Legislature does not approve this Settlement Agreement, or decides to do so only with material modifications to the terms of this Settlement Agreement, then this Agreement shall become null and void. This Settlement shall not become effective unless and until it is approved by both the Nassau County Legislature and NIFA (if NIFA approval is required).

36. **NIFA Approval** If NIFA approval is required, after approval of the Settlement Agreement by the Nassau County Legislature, Defendant County of Nassau will submit this Settlement Agreement to NIFA for approval. If NIFA does not approve this Settlement Agreement, or decides to do so only with material modifications to the terms of this Settlement Agreement, then this Agreement shall become null and void. This Settlement shall not become effective unless and until it is approved by both the Nassau County Legislature and NIFA.

37. **Dismissal of the Action With Prejudice** Subject to and conditioned upon approval of this Settlement by the Court, the Nassau County Legislature, and NIFA (if NIFA approval is required), Plaintiffs and Plaintiffs' Counsel agree that this Action shall be dismissed with prejudice as to all Released Parties and all Released Claims with all Parties responsible for their own costs and attorneys' fees, except as otherwise specifically provided in this Agreement. Contemporaneously with the execution of this Agreement, counsel for the Parties shall execute a stipulation dismissing the instant Action, with prejudice, pursuant to Fed. R. Civ. Proc. 41(a) ("Stipulation of Dismissal").

## DISTRIBUTION OF SETTLEMENT FUND

38. Distribution of Individual Settlement Payments. Within ninety (90) days after approval of the Settlement by the Nassau County Legislature, or, if NIFA approval is required, within ninety (90) days after approval of the Settlement by NIFA, and in accordance with the Court's order regarding allocation of the Total Settlement Amount, Defendant County of Nassau shall issue individual payments from the Total Settlement Amount to Plaintiffs.

39. Payment of Attorneys' Fees. Within ninety (90) days after approval of the Settlement by the Nassau County Legislature, or, if NIFA approval is required, within ninety (90) days

after approval of the Settlement by NIFA, Defendant County of Nassau shall issue payment for attorneys' fees from the Total Settlement Amount to Plaintiffs' Counsel in accordance with the Court's order regarding allocation of the Total Settlement Amount. The Parties agree that within the joint motion for court approval of the Settlement, as set forth in Paragraph 34 of this Settlement Agreement, the Parties will seek to have the sum of $175,000 from the Total Settlement Amount distributed to Plaintiffs' Counsel as Attorneys' Fees. The Parties continue to agree and acknowledge, however, that ultimately the Total Settlement Amount will be distributed in the manner ordered by the Court.

40. Checks to all Plaintiffs shall remain negotiable for ninety (90) calendar days but shall be deemed cancelled thereafter.

41. Once the 90-day negotiability period has elapsed for all outstanding checks, Defendant's Counsel shall file the Stipulation of Dismissal.

42. Any unclaimed/remaining funds leftover from the Total Settlement Amount, shall revert back to the Defendant County of Nassau. Plaintiffs and Plaintiffs' Counsel shall have no rights or claims as to the unclaimed portions of the Total Settlement Amount.

## NO ADMISSION

43. Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

44. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

## MODIFICATION

45. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court.

## WAIVERS, ETC. TO BE IN WRITING

46. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver

of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

## BINDING ON ASSIGNS

47. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

48. This Settlement Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## SEVERABILITY

49. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

## NO WAIVER

50. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions. Moreover, it shall not be a waiver of such Party's right thereafter to enforce each and every term and condition of this Agreement.

## GOVERNING LAW

51. This Settlement Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

## EXTENSION OF TIME

52. The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

## EXECUTION BY PARTIES AND COUNSEL

### PLAINTIFFS

Dated: 5/17, 2023

James Allen

_____
Plaintiff

Dated: 5/18/23, 2023

Howard Riegler

_____
Plaintiff

Dated: 5/17, 2023

Victor Sowinski, Jr.

_____
Plaintiff

Dated: 5/17/23, 2023

Michael Brinkley

_____
Plaintiff

Dated: 5/17, 2023

Neil Velasco

_____
Plaintiff

Dated: 5/17, 2023

Cathy Jones

_____
Plaintiff

Dated: __5/17/23__, 2023

Patrick Madden, Jr.

_____
Plaintiff

Dated: __5/17__, 2023

Michael Gibaldi

_____
Plaintiff

Dated: __5/17__, 2023

Paul Walters

_____
Plaintiff

Dated: __5/17__, 2023

James Prince

_____
Plaintiff

Dated: __5/17__, 2023

Craig Stewart

_____
Plaintiff

Dated: __5/17__, 2023

Pedro Vera, Jr.

_____
Plaintiff

Dated: __5/17__, 2023

Nicole Salerno

_____
Plaintiff

Dated: 04/17, 2023

Besnik Gjonlekaj

_____
Plaintiff

Dated: 5/18, 2023

Thomas Cinque

_____
Plaintiff

Dated: 5/17/, 2023

Chris Fotopoulos

_____
Plaintiff

Dated: 5/18, 2023

Joseph Luckman

_____
Plaintiff

Dated: 5/18/2023, 2023

Robert Brancato

_____
Plaintiff

Dated: 5-18-, 2023

Michael Capoziello

_____
Plaintiff

Dated: MAY 17, 2023

Frank Passanisi, III

_____
Plaintiff

Dated: __05-17-__, 2023      Joseph W. Balletta

_____
Plaintiff

Dated: __5/18/23__, 2023      Brian Tomeo

_____
Plaintiff

Dated: __5/18/__, 2023      Gregg Spaulding

_____
Plaintiff

Dated: __5/17__, 2023      Bryan C. Vogeley

_____
Plaintiff

Dated: __5/18__, 2023      Ralph Merz

_____
Plaintiff

Dated: __5/18__, 2023      Timothy Marshall

_____
Plaintiff

Dated: __5/17__, 2023      Estate of Michael James

_____
Plaintiff

Dated: 5/18, 2023

**PLAINTIFFS' COUNSEL**

_____
Louis D. Stober, Jr., Esq.
Law Offices Louis D. Stober, Jr., LLC
98 Front Street
Mineola, New York 11501
Tel.: (516) 742-6546

**DEFENDANT**

Dated: May 19, 2023

County of Nassau

_____
Hon. Thomas A. Adams
County Attorney
Office of the Nassau County Attorney
1 West Street
Mineola, New York 11501
Tel.: (516) 571-3076

**DEFENDANT'S COUNSEL**

Dated: May 19, 2023

_____
Deanna D. Panico, Esq.
Bee Ready Fishbein Hatter & Donovan, LLP
170 Old Country Road
Mineola, New York 11501
Tel.: (516) 746-5599

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAMES ALLEN, HOWARD RIEGLER, VICTOR SOWINSKI, JR., MICHAEL BRINKLEY, NEIL VELASCO, CATHY JONES, PATRICK MADDEN, JR., MICHAEL GIBALDI, PAUL WALTERS, JAMES PRINCE, CRAIG STEWART, PEDRO VERA, JR., NICOLE SALERNO, BESNIK GJONLEKAJ, THOMAS CINQUE, CHRIS FOTOPOULOS, JOSEPH LUCKMAN, ROBERT BRANCATO, MICHAEL CAPOZIELLO, FRANK PASSANISI, III, JOSEPH W. BALLETTA, BRIAN TOMEO, GREGG SPAULDING, BRYAN C. VOGELEY, RALPH MERZ, TIMOTHY MARSHALL, ESTATE OF MICHAEL JAMES,

Case No.:
22-cv-1572 (JMW)

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiffs,

- against -

COUNTY OF NASSAU,

Defendant.
---------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs, disbursements or attorneys' fees (other than those specified in the Settlement Agreement).

Dated: Mineola, New York
May 19, 2023

**Law Offices Louis D. Stober, Jr., LLC**
*Attorneys for Plaintiffs*

By: _____
Louis D. Stober, Jr.
98 Front Street
Mineola, New York 11501
Tel.: (516) 742-6546

Dated: Mineola, New York
May 19, 2023

**Bee Ready Fishbein Hatter & Donovan, LLP**
*Attorneys for Defendant*

By: _____
Deanna D. Panico, Esq.
170 Old Country Road
Mineola, New York 11501
Tel.: (516) 746-5599

**So Ordered:**

_____
U.S.D.J.