| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>JAMES ALLEN *et al.*,<br><br>                      Plaintiffs,<br><br>          -against-<br><br>COUNTY OF NASSAU,<br><br>                      Defendant.<br>------------------------------------------------------------X | FILED<br>CLERK<br><br>2:55 pm, Dec 27, 2023<br><br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE<br><br>**ORDER**<br><br>22-CV-1572 (JMW) |

**A P P E A R A N C E S:**

Louis D. Stober, Jr., Esq.
**Law Offices of Louis D. Stober, Jr., LLC**
98 Front Street
Mineola, NY 11501
*Attorney for all Plaintiffs*

Deanna Darlene Panico, Esq.
Rhoda Yohai Andors, Esq.
**Bee Ready Fishbein Hatter & Donovan, LLP**
170 Old Country Road
Mineola, NY 11501
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiffs commenced this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Equal Pay Act, 29 U.S.C. § 206(d)(1). The Court assumes familiarity with the facts as articulated in its prior Orders. (*See* ECF Nos. 33 and 42.) As such, only the background germane to the instant motion is discussed below.

      After the Court denied Plaintiff's motion to compel payment of settlement proceeds (ECF No. 42), Plaintiffs' counsel filed a motion for "reconsideration and clarification." (ECF No. 43.) That motion was denied on November 29, 2023 given Plaintiffs' failure to identify facts

overlooked or newly discovered, or any misapplication of the law to support their motion for reconsideration.  (Electronic Order dated Nov. 29, 2023.)  The Court also denied any compensation Plaintiffs believed they were owed from August 14, 2023 to the present and going forward.  (*Id.*)

Before the Court at this time is Plaintiffs' motion for reconsideration to clarify this Court's prior Electronic Order (ECF No. 46).  Needless to say, Defendant opposes (ECF No. 49).  Plaintiffs subsequently made an additional submission on their positions regarding how missed breaks are to be compensated and why those positions are supported by the governing Memorandum of Understanding ("MOU").  (ECF No. 48)  The Court is presented with the narrow issue arising under the settlement reached by the parties: *under what circumstances should Plaintiffs be compensated for missed breaks going forward?*

## DISCUSSION

### A. The Parties' Arguments

In the Court's ruling on Plaintiff's first motion for reconsideration (ECF No. 43), it stated that:

> Plaintiffs are to continue to take their breaks as scheduled… [and] even if Plaintiffs were entitled to any compensation for the breaks, they surely would not be entitled to any monies during that stayed period given their explicit consent to hold off on implementing the MOU until the breaks issue was resolved. Accordingly, since Plaintiffs have not identified any controlling authority or factual matters that the court may have overlooked, the application for reconsideration is denied and Plaintiffs are not entitled to any compensation from August 14, 2023 to the present and going forward."

(*See* Electronic Order dated Nov. 29, 2023).

In their motion for reconsideration, Plaintiffs state that they are entitled to up to two hours of compensatory time at straight time for working through their breaks *from* November 17, 2023—the date of this Court's prior Order—*and going forward*. (ECF No. 46.)  Further, they argue that if Plaintiffs are not entitled to compensatory time after being ordered to work through

2

their breaks going forward, then it violates the clear terms of the MOU. (*Id.*) They vehemently assert that this was a prime issue in the underlying lawsuit. (*Id.*) Plaintiffs therefore request that the Court remove the words "and going forward" from its Order so that the MOU can have its full force and effect. They claim that failure to remove the words will place them in the same position they were in before the MOU. (*Id.*)

In their supplemental submission, Plaintiffs state that they "believe" that they are entitled to the compensatory time when any of the following events occur:

1. There is insufficient staff scheduled to work a shift to allow for breaks;

2. An insufficient number of FCTs are at work to allow for breaks, ex. the shift is running short due to absences, vacations or other leave useage [sic] and insufficient numbers of FCTs are brought in on overtime to cover breaks;

3. The workload or an emergency occurs which prevents the granting of breaks;

4. An FCT of [sic] FCTs are in the middle of a call which would prevent them from taking a break;

5. An unexpected event occurs requiring all consoles to be continuously operated;

6. If management decides, in its discretion, not to give breaks; or

7. If public safety dictates that breaks not be given.

(ECF No. 48.)

Defendant opposes, contending that it will comply strictly with the MOU's terms—that is, to provide Plaintiffs with compensation for missed breaks of up to two hours of compensatory time at straight time per shift. (ECF No. 49.) It further states though that, per the MOU, supervisors have the discretion to give breaks and missed breaks are to be rescheduled with a supervisor to be taken at another time during that same shift. (*Id.*) If the breaks cannot be rescheduled, then the Plaintiffs will be compensated. Finally, it states that Plaintiffs' filings have

3

left the parties in flux as to whether the compensatory time issues were completely resolved and thus whether the MOU was implemented as of the date of the Court's Order on November 17, 2023. (*Id.*) Therefore, it requests that it be given two weeks to make any necessary transitions to comply with the MOU. (*Id.*)

### B. Clarification of the Court's Order Denying Plaintiffs' Motion for Reconsideration

Plaintiffs seek to have the terms of the MOU implemented from November 17, 2023—the date of this Court's prior Order on Plaintiff's motion to compel (ECF No. 42)—and "going forward." They imply there is no recourse for a missed break. Plaintiffs state that they "believe" the circumstances they cite "would trigger the payment of up to two hours of compensatory time." (ECF No. 48.) However, they do not, and cannot, point to any express provision in the MOU that supports their position. Instead, Plaintiffs focus solely on Paragraph 1 of the MOU, which states:

> Further, it is agreed that until there are sufficient FCTs hired to enable said breaks, all FCTs shall receive up to 2 hours total of compensatory time, at straight time, per shift, as applicable for any missed breaks.

(ECF No. 41-2 at 2.)

Notwithstanding Plaintiffs' cited provisions of the MOU, the MOU explicitly states that supervisors have "complete discretion" to decide *whether* breaks may be taken. (*See id.* at 1.) ("Each 12-hour shift shall include four thirty-minute paid breaks. Such breaks shall be taken at the discretion and with the approval of a supervisor.") Plaintiffs also overlook other critical parts of the MOU which provide that if breaks are missed, they can be rescheduled:

> FCTs who are unable to sign-on to a thirty-minute break for any reason shall coordinate with a supervisor to reschedule such thirty-minute break for a later time during that same shift…Further…all FCTs shall receive up to 2 hours total of compensatory time, at straight time, per shift, as applicable, for any missed breaks.

(*Id.* at 1-2.)  These terms dictate that when a break is (1) involuntarily missed *and* (2) cannot be rescheduled during that same shift, *then* Plaintiffs will be compensated in an amount commensurate with that missed time.  Thus, Defendant shall comply with these terms going forward.

Defendant's counsel requests that the Court provide it with two (2) weeks in order for it to make any necessary transitions or implementations.  This request is reasonable and consistent with what the courts in this Circuit have afforded to make such required changes.  *See e.g. H.B. Fuller Co. v. Hagen*, 363 F. Supp. 1325, 1333 (W.D.N.Y. 1973) (providing two weeks from the date of the court order for the preliminary injunction against defendants to take effect); *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-cv-1608 (RJH) (JCF), 2010 WL 1327921, at *19 (S.D.N.Y. Apr. 5, 2010) (concluding that compliance with the court's order concerning various motions shall be completed within 30 days); *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 184 (S.D.N.Y. 2004) (same); *United States v. City of Mt. Vernon*, No. 18-cv-5845 (CS), 2021 U.S. Dist. LEXIS 118543, at *4 (S.D.N.Y. June 22, 2021) (giving the defendant one week from the date of the order to make the necessary changes under its Sanitary Sewer System program).  Accordingly, Defendant shall on or before January 10, 2024 ("Implementation Date") make any and all necessary changes to implement the transition and file a letter on ECF confirming such changes have been implemented.  In addition, from Implementation Date going forward, if Plaintiffs are being ordered to work through these missed and un-rescheduled breaks, they shall be compensated accordingly.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' motion for reconsideration for clarification of this Court's November 29, 2023 Order (ECF No. 46) is granted.  And upon reconsideration, the

5

following is ordered: Defendant shall provide compensatory time to Plaintiffs for missed breaks that cannot be rescheduled during their shift beginning January 10, 2024 and going forward. Defendant shall also file on ECF a letter advising when the changes are implemented.

Dated:  December 27, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge